No. 18,080.

OPAL DORIS JERNIGAN, ET AL. *v.* LAKESIDE PARK
COMPANY, ET AL.
(314 P. [2d] 693)

Decided August 26, 1957.

Messrs. MONTFORD, WILSON & DEIKMAN, for plaintiffs
in error.

Mr. GEORGE J. ROBINSON, Mr. RAY A. CURRAN, for
defendants in error.

*In Department.*

MR. JUSTICE KNAUSS delivered the opinion of the
Court.

IN the trial court plaintiffs in error were plaintiffs
and defendants in error were defendants. We will refer
to the parties as they there appeared, or by name.

Plaintiffs' original complaint alleged that they were
"members of the Negro race, so-called." That on August

13, 1955, defendant Lakeside Park Company operated a public place of amusement, including a public swimming pool; that defendant Ede was an employee of Lakeside Park Company and a ticket seller at said swimming pool and that defendant Leo Peterson was an employee of said Lakeside Park Company, acting as chief of police in said place of amusement; that Peterson and Ede denied to plaintiffs "solely on the grounds of their race" admission to the swimming pool; it was also alleged that Plaintiffs Jernigan, Payne, Drew and Maddox demanded and were denied admission to said pool at 1:45 p.m., again at 2 p.m. and again at 5:10 p.m. on said date. Judgment was prayed for in the sum of $10,000.

To this complaint defendants filed a motion to require the plaintiffs to have their several claims "stated in separate counts," which motion was granted. Thereupon plaintiffs filed a sixty page complaint in which is set forth the separate claims of the plaintiffs, all based on the allegations of the original complaint, Jernigan, Payne, Drew and Maddox dividing their separate demands against the three defendants into nine separate claims; and the other plaintiffs dividing their demands into six separate claims. This amended complaint alleged the acts of the defendant were "contrary to the provisions of the statute in such case provided," and demanded judgment for $500 for each refusal of access to the pool against each of the defendants.

To this amended complaint defendants moved "that each and every allegation of the several claims of the several plaintiffs, save and except paragraphs 1, 2, 3, 4, 5 and 6 of the first claim of Opal Doris Jernigan be stricken from the amended complaint" as redundant, immaterial and impertinent." On presentation of this motion the trial court determined "that the action herein is statutory for the recovery of a penalty, and that the motion is well taken." The trial judge thereupon sustained the motion and these portions of the amended complaint were stricken.

The trial court and counsel apparently overlooked our recent decision in *Western Homes, Inc. v. District Court,* 133 Colo. 304, 296 P. (2d) 460, where the provisions of our Rule 20 (a) relating to multiple plaintiffs and defendants in actions involving common questions of law or fact are discussed.

In the order it is stated "to the end and effect that the plaintiffs jointly may assert the one claim for the recovery of a single penalty against any one or more of the named defendants." A motion to rehear the matter was denied and plaintiffs bring the case here on writ of error. There the record ends. No answer was ever filed, no trial was had and no judgment of any kind appears in the record.

It is a well settled rule that a writ of error will lie only to a final judgment. Here we have none. Rulings on motions directed to pleadings which do not result in a final judgment entered of record cannot be made the basis for a writ of error. Accordingly the writ of error is dismissed.

Mr. Chief Justice Moore, Mr. Justice Sutton and Mr. Justice Frantz concur.