No. 18,329.

Floyd Graham, et al. *v.* District Court in and for the County of Jefferson, Hon. Osmer E. Smith, Judge.

(323 P [2d] 635)

Decided March 3, 1958.

Mr. CLARENCE L. BARTHOLIC, for petitioners.

Messrs. HOLLEY & BOATRIGHT, for respondent.

*En Banc.*

MR. JUSTICE FRANTZ delivered the opinion of the Court.

PLAINTIFFS Davis sued for damages for alleged misrepresentation in the sale to them of certain realty. The suit was against the Grahams as sellers, and against Crabtree and Little as real estate brokers who negotiated the sale of the realty. Grahams cross-claimed against Little, as did Crabtree. In turn Little filed her cross-claim against Crabtree.

At the conclusion of plaintiffs' case each defendant orally moved for a dismissal on the ground of failure of proof. The following colloquy took place at the time the trial court ruled on these motions:

"The Court: The motion to dismiss is sustained as to the two Grahams and Mr. Crabtree. As to Mrs. Little I cannot bring myself to believe that the case should be dismissed as to Mrs. Little and the motion will be denied.

"Mr. Holley [attorney for plaintiffs]: Do we have any certain period of time in which to file a motion for rehearing on the matter?

"Mr. Duke [attorney for Little]: This does not amount to a dismissal of the cross-claim.

"The Court: No. I am dismissing the complaint as it

applies to Graham, Graham and Crabtree. And your motion to dismiss the complaint as to Mrs. Little is denied. There have been no motions on cross-claims or counterclaim and I have not made any ruling on it.

"Mr. Bartholic [attorney for Grahams and Crabtree]: We now would like to move to dismiss as to the cross-claim as to Mrs. Little against both Grahams and Mr. Crabtree on the ground there has been no-- Of course he hasn't put on any evidence yet. I guess we are premature.

"The Court: Mr. Holley, you could except to the ruling of the Court on the motions as to Mr. and Mrs. Graham and Mr. Crabtree. Let the record show that plaintiffs except and object to the ruling of the Court on the motions by Graham, Graham and Crabtree to dismiss."

After all the evidence was presented, the trial court "sustained" motions to dismiss all cross-claims and granted plaintiffs' motion for a directed verdict against Little. Thereupon, the trial court submitted to the jury the sole question of the amount of damages sustained by the plaintiffs. The jury awarded actual and exemplary damages, and the trial court entered judgment on the verdict.

In due course Little filed her Motion for a New Trial, asserting, among other grounds, that the trial court committed error in granting the motions to dismiss of the Grahams and Crabtree. Plaintiffs did not file a motion for new trial. Without notice to the Grahams and Crabtree, Little's Motion for New Trial was heard and granted. Later the trial court clarified the order for a new trial by directing that it be "effective as to each and all of the parties to this cause" and set the case down for a pretrial conference.

The Grahams and Crabtree are here seeking relief in the nature of prohibition. In their petition they seek an order from the court prohibiting the trial court from proceeding with the "retrial of the case as to" the Grahams and Crabtree. Pursuant to the prayer of the peti-

tion a rule to show cause was issued. The Grahams and Crabtree take the position that the trial court was without jurisdiction to grant a new trial as to them.

Several Rules of Civil Procedure have relevancy to the resolution of the question posed. It becomes our duty, if possible, to harmonize these rules, the application of which, under the circumstances before us, appear dissonant. In this effort we must heed the admonition of Rule 1 (a), R.C.P. Colo., that our procedural rules "shall be liberally construed to secure the just, speedy, and inexpensive determination of every action."

First to be considered are the pertinent parts of Rule 41 (b) (1), which are as follows: "* * * After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. * * * *Unless the court in its order for dismissal otherwise specifies,* a dismissal under this subdivision and any dismissal not provided in this rule, * * * *operates as an adjudication upon the merits.*" (Emphasis supplied.)

Next to be considered is the opening sentence of Rule 41 (b) (2) (c): "The provisions of this rule apply to the dismissal of any counterclaim, cross-claim, or third party claim."

Difficulty develops when we next consider Rules 54 (a) and (b). Rule 54 (a) provides in part: " 'Judgment' as used in these rules includes a decree and *any order* to or from which an appeal or writ of error lies." (Emphasis supplied.)

Rule 54 (b) reads as follows: "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims *only upon an express determination that there is no just reason for delay and upon an express direction for the entry of*

*judgment.* In the absence of such determination and direction, *any order* or other form of decision, however designated, which adjudicates less than all the claims *shall not terminate the action as to any claims,* and *the order* or other form of decision *is subject to revision at any time before the entry of judgment adjudicating all claims.*" (Emphasis supplied.)

██ It is required by Rule 59 that a motion for new trial "be filed not later than 10 days after the entry of the judgment," and that the "party claiming error in the trial of the case must, unless otherwise ordered by the trial court, move that court for a new trial, and, without such order, only questions presented in such motion will be considered on review."

It is readily observable that there is apparent conflict in the directions contained in Rules 41 (b) (1) and 41 (b) (2) (c), concerning dismissals, and Rules 54 (a) and 54 (b), relating to judgments on multiple claims.

██ An order of dismissal is an adjudication on the merits, and this is true whether the dismissal is directed to counterclaims, cross-claims, or third party claims. Since Rule 41 is applicable where multiple claims may be involved, we hold that it is the rule which must be controlling to the facts of this case. If the plaintiffs were convinced that the trial court erred in ordering the complaint dismissed as to all the defendants except Little, they should have filed a timely motion for new trial. This they failed to do, nor did they seek an enlargement of time within which to so move.

Under these circumstances the trial court was without power to grant a new trial as against all defendants, and by reason thereof the rule is made absolute.