No. 18,260.

FIRST NATIONAL BANK OF DENVER, ET AL. *v.* ROZZELE ENGINEERING COMPANY, INC.
(330 P. [2d] 533)

Decided October 14, 1958.

Mr. JOHN J. GIBBONS for plaintiffs in error Donald G. Rozzele, F. C. Hendee and Wesley Voth.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

DONALD G. ROZZELLE, F. C. Hendee and Wesley Voth are the only plaintiffs in error before this Court. By stipulation The First National Bank of Denver and the International Trust Company were dismissed in the court below. Defendant in error did not appear or file an answer brief in these proceedings on writ of error. Plaintiffs in error were the defendants in the lower court and will be referred to by name. Defendant in error will be referred to as the company.

The company filed a complaint in the district court in which it sought a temporary and permanent injunction restraining Rozzelle, Hendee and Voth from interfering with the operation of the company or from attempting to usurp positions as officers and directors of the company. The complaint also asked the court to impound funds alleged to have been illegally transferred to the named banks, and to appoint a receiver. Rozzelle, Hendee and Voth answered, alleging that they were duly qualified officers and directors of the company and sought to restrain other persons named in the answer from usurping offices. In a counterclaim they prayed for the return of certain chattels or their cash value, and other relief.

By agreement of the parties a master was appointed and directed to hold a special stockholders meeting for the purpose of electing directors and officers; receiving reports from the secretary, the president, and the treasurer; to vote on amendments to the articles of incorporation and to the by-laws, and to transact all necessary business to enable the company to proceed with its business.

To the report of the master outlining the conduct and results of the meeting, Rozzelle, Hendee and Voth filed written objections. In their objections to the master's

report, they incorporated a motion to make certain parties enumerated therein co-defendants to the suit. No third party complaint was attached or ever filed with the court. At the same time two persons, Clarence O. Moore and Harry A. Moore, filed a petition to intervene. This petition was denied. Clarence O. Moore and Harry A. Moore are not before this court and have not sought to review or otherwise challenge the ruling of the court denying their petition to intervene.

Points urged as error by Rozzelle, Hendee and Voth are: 1. The trial court erred in refusing to hear testimony in support of objections to the master's report and in denying the motion of Clarence O. Moore and Harry A. Moore to intervene; 2. The trial court erred in refusing to order George L. Coon, Kenneth A. Selby, Raymond G. Bondi, Robert O. Dreher and Ferdinand V. Gilbert to be made parties co-defendant as moved for in the objection to the master's report.

■ Orders denying motions to which this writ of error is directed are not judgments. If Clarence O. Moore and Harry A. Moore are objecting to the refusal of the court to permit them to intervene, this record does not so disclose, and Rozelle, Hendee and Voth are in no position to seek review for them. No complaint against the parties whom plaintiffs in error sought to make co-defendants was ever filed in the trial court, and no judgment or any other order subject to review on error was entered on record. Denial of a motion to make a party or parties co-defendants (third party defendants is the correct term) is not subject to review by writ of error. *Burks v. Maudlin,* 109 Colo. 281, 124 P. (2d) 601.

■ No judgment on the issues framed by the pleadings was entered by the court. If the acceptance of the master's report be considered a final judgment, a point which we do not determine, it must be noted that all parties agreed to the appointment of the master and agreed that the stockholders meeting and election would

be held as scheduled. None is now in position to complain.

The writ of error is dismissed.