No. 19,066.

Broadway Roofing and Supply, Inc. *v*. District Court of the Second Judicial District, et al.
(342 P. [2d] 1022)

Decided August 17, 1959.   Rehearing denied August 31, 1959.

Mr. Bentley M. McMullin, for petitioner.

Messrs. Fairfield & Woods, Mr. Royal C. Rubright, Mr. Fred M. Winner, for respondents.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THIS is an original proceeding in which a rule was directed to the respondents to show cause why they should not be restrained from enforcing an order entered by the district court which purported to release a lis pendens recorded against certain real estate.

In the district court of the City and County of Denver the above named petitioner filed an action against Edwin Collins Nelson and Aleta Lucille Nelson, at whose instance and request it had performed labor and supplied materials on real estate then owned by the Nelsons. Following the completion of the work, and on July 11, 1958, petitioner filed in the Office of the County Clerk and Recorder a written instrument, which embodied the terms of the contract under which the work and material were supplied, claiming a lien upon said real estate. On July 24, 1958, the Nelsons conveyed the real estate to respondents Arthur W. Cameron and Nadine M. Cameron.

In the district court action the Camerons were named as defendants and the plaintiff in that action, petitioner here, sought to foreclose his claimed lien, and a notice of lis pendens was duly recorded. In that action the Camerons moved for summary judgment, which motion contained, inter alia:

"Said motion is based upon and supported by the following:

"1. The affidavit of Golding Fairfield hereto attached.

"2. The complaint of plaintiff herein on file in this action.

"The grounds for this motion are that as to the alleged claim of plaintiff's complaint, there is no genuine issue as to any material fact and the defendants, Arthur W. Cameron and Nadine M. Cameron, are entitled to a judgment as a matter of law."

The trial court entered an order granting the motion

for summary judgment, which in pertinent part was as follows:

"That there is no genuine issue as to any material fact relevant to the position of the defendants, Arthur W. Cameron and Nadine M. Cameron, and that as a matter of law they are entitled to a Summary Judgment dismissing them as parties to said action; since Lot 9, Block 34, University Hills No. 2, Filing No. 3, located in the City and County of Denver and State of Colorado, commonly known and numbered as 3400 South Forrest Street, was conveyed to defendants Arthur W. Cameron and Nadine M. Cameron, it should be released from the Lis Pendens.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the above entitled action be dismissed as to defendants Arthur W. Cameron and Nadine M. Cameron with prejudice and that the Lis Pendens heretofore filed by the plaintiff on the 27th day of October, 1958, in Book 8264 at Page 299 is released and discharged with respect to the property therein described."

In this court petitioner asserts that the district court abused its discretion and exceeded its jurisdiction in that:

"(a) The summary judgment so entered is a final judgment in favor of the respondents Arthur W. Cameron and Nadine M. Cameron, defendants in said action, and against petitioner, plaintiff in said action. The respondents Arthur W. Cameron and Nadine M. Cameron are two only of the four defendants named in said action. There is no authority for the entry of a final judgment in a civil action until a final determination has been made of the claims of all of the parties except only under the circumstances stated in Rule 54 (b). Rule 54 (b) applies only 'when more than one claim for relief is presented in an action.' In the action under consideration only one claim for relief is presented. Although there are four defendants named in the action, only one claim for relief is presented as to all of them. The claim for

relief which is presented in the action under consideration is a claim for the recovery of the amount due for work done and materials furnished upon a single property, pursuant to a single contract. There being but a single claim for relief, Rule 54 (b) does not apply, and a final judgment cannot be entered as to any of the parties until the claims of all of the parties have been determined.

"(b) Even if a final judgment could be entered in favor of a part only of the defendants, it could be so entered only 'upon an express determination that there is no just reason for delay,' as provided by Rule 54 (b); and the respondent district court was not requested to determine, did not determine, and could not properly have determined that there was no just reason for delay.

"(c) The summary judgment so entered provides that the lis pendens shall be 'released and discharged,' which provision is contrary to Rule 105 (b), which states that, 'a notice of lis pendens filed as provided by law shall remain in effect for thirty days from the time of entry of final judgment in the trial court.' This provision has reference to the judgment finally determining the rights of all parties. No such judgment having been entered, the release of the lis pendens was premature and unauthorized."

Petitioner asserts that it has no adequate remedy other than by the relief sought in these original proceedings for the reason that no writ of error can issue until the final judgment is entered upon its claim against the Nelsons; and that no writ of error can be directed to the summary judgment entered as to its claim against Mr. and Mrs. Cameron for the reason that the trial court failed to include in that judgment "an express determination that there is no just reason for delay," as required by Rule 54 (b), R.C.P. Colo. This rule, as amended, provides:

"*Judgment upon multiple claims.* When more than one claim for relief is presented in an action, whether as

a claim, counterclaim, cross-claim, or third party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for an entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before entry of judgment adjudicating all claims."

Petitioner fears that the summary judgment purporting to release its lis pendens may operate to destroy the only security which it has for payment of the claim asserted against the Nelsons and the Camerons, and to that extent the said judgment may be final although not subject to review by writ of error until his claim against the Nelsons is adjudicated.

We are satisfied that under the foregoing facts the summary judgment is not final for any purpose, and that until the cause is determined as to the remaining defendants or until the district court makes "an express determination that there is no just reason for delay" in finally disposing of the action as to the Camerons, the lis pendens has not been released. This is true for the following reasons:

(a) Rule 54 (b) expressly provides that in the absence of an express direction by the trial court for the entry of final judgment, "any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before entry of judgment adjudicating all of the claims."

(b) Rule 105 (f) carefully spells out that, "A notice of lis pendens filed as provided by law shall remain in

effect for thirty days from the entry of final judgment in the trial court."

(c) C.R.S. 1953, 118-5-10, goes even farther than Rule 105. The legislature said:

"If prior to the expiration of the period, as defined in Sections 118-5-1 and 118-5-2 during which any mortgage, trust deed or other instrument creating a lien, whether now of record or which may be hereafter recorded, shall constitute notice, there shall be filed in the office of the County Clerk and Recorder of the proper county a notice of an action pending to foreclose such lien or a notice of foreclosure proceedings thereon by a public trustee · or other proper official, then, and in such event, the lien created by such instrument shall not terminate and the notice created by the recording thereof shall continue until final disposition of the action or foreclosure proceeding."

Obviously then, by the rules of this court, Rule 54 (b) and Rule 105; by the decision of this court in *Meaker v. District Court of Montrose County*, 134 Colo. 151, 300 P. (2d) 805; and by statute, C.R.S. 1953, 118-5-10, the lis pendens is in full force and effect until final judgment or until final disposition of the case. If petitioner in fact believes that the lis pendens is in jeopardy, inevitably petitioner must accept the fact that the judgment is final and is subject to review by writ of error. If, on the other hand, petitioner is sincere in its statement that there is no final judgment, then by rule, decision, and statute the lis pendens remains in effect and this original proceeding is completely unwarranted.

We determine that there is no final judgment and the rule accordingly is discharged.