No. 19,250.

FRANK AND MARILYN BERRY, ET AL. *v.* WESTKNIT
ORIGINALS, INC., ET AL.
(357 P. [2d] 652)

Decided December 19, 1960.

Mr. JOHN H. GATELY, for plaintiffs in error.

Mr. L. A. HELLERSTEIN, Mr. F. J. MANNING, Mr. RAY-
MOND DUITCH, for defendant in error Consumer Fi-
nance Corporation.

Mr. MARTIN J. MURPHY, Mr. DAVID H. MORRIS, for de-
fendant in error Century Loan Company.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

THE parties to this writ of error appear here in the same order as in the trial court, and we will so refer to them, or by name.

The record before us consists of the complaint, motions to dismiss filed by defendants Consumer Finance Company and Century Loan Company, and the order of the trial court granting said motions. The complaint, in a sort of package deal, lists eighty-one plaintiffs. The defendants are the persons and corporations appearing as defendants in error here. The complaint alleges that plaintiffs were induced to purchase knitting machines based on fraudulent representations and that all of the defendants participated in the fraudulent conspiracy. The causes of action asserted are inseparable and recovery against the Consumer Finance Corporation and the Century Loan Company is dependent on recovery against the other defendants. Why defendants in error, other than the Consumer Finance Corporation and the Century Loan Company, were made defendants in error here does not appear. The status of the case as far as it pertains to the other defendants is not disclosed by this record.

Rule 111 (a) R.C.P. Colo. states: "A writ of error shall lie from the Supreme Court to: (1) A final judgment of any district, county or juvenile court in all actions or proceedings * * *."

The rules and our decisions do not provide for piecemeal review of a cause. Except as provided in Rule 54 (b) a final judgment is one which ends the particular action in which it is entered, leaving nothing further to be done in determining the rights of the parties involved in the action. *Vandy's, Inc., et al. v. Nelson, et al.,* 130 Colo. 51, 273 P. (2d) 633.

A judgment or decree is not final which determines the action as to less than all of the defendants,

50

except as provided in Rule 54 (b) as announced in *Graham v. District Court,* 137 Colo. 233, 323 P. (2d) 635; *Broadway Roofing & Supply, Inc., v. District Court,* 140 Colo. 154, 342 P. (2d) 1022.

It is plain that until the case has been decided as against all defendants there is no final judgment to which a writ of error would lie. Accordingly the writ of error is dismissed.