No. 19,621.

C. H. WEAVER, ET AL. *v*. BANKERS LIFE AND CASUALTY CO., ET AL.

(360 P. [2d] 807)

Decided April 3, 1961.

Mr. CHARLES GINSBERG, for plaintiffs in error.

Messrs. MOSES & DESOUCHET, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

PLAINTIFFS in error Weaver were two of several defend-

ants named in an action instituted by Bankers Life and Casualty Company to foreclose a mortgage on real property. The Weavers filed a motion in the foreclosure action for permission "as third-party plaintiffs to serve a summons and complaint upon Henry Blickhahn, as a third-party defendant * * *," stating in said motion that said Blickhahn and the defendants Jones-Logan Cattle Company, Inc., and Stanley L. Jones and Jonell R. Jones "was a party to a conspiracy to defraud defendants, Weaver, * * *."

The trial court overruled the motion and the Weavers immediately thereafter sought review of that ruling by a writ in the nature of prohibition, in this court. The writ was denied on September 30, 1960. Following disposition of the prohibition matter the Weavers caused a writ of error to issue to review the same order of the trial court denying their motion to make Blickhahn a third party defendant.

█ This court has consistently held that an order, such as that to which this writ of error is directed, is not a final judgment subject to review by writ of error. A case in point is *First National Bank of Denver v. Rozzelle Engineering Company, Inc.,* 138 Colo. 120, 330 P. (2d) 533, where Mr. Justice Day speaking for the court said:

" * * * Denial of a motion to make a party or parties co-defendants (third party defendants is the correct term) is not subject to review by writ of error."

See also *Schoenwald v. Schoen,* 132 Colo. 142, 286 P. (2d) 341; *Burks v. Maudlin,* 109 Colo. 281, 124 P. (2d) 601.

It affirmatively appearing that the order entered by the trial court is not subject to review by writ of error, the writ of error issued herein must be dismissed. It is so ordered.

MR. CHIEF JUSTICE HALL and MR. JUSTICE McWILLIAMS concur.