No. 19,365.

BROADWAY ROOFING AND SUPPLY, INC. *v.*
ARTHUR W. CAMERON, ET AL.
(362 P. [2d] 393)

Decided May 29, 1961.   Rehearing denied June 19, 1961.

Mr. BENTLEY M. MCMULLIN, for plaintiff in error.

Messrs. FAIRFIELD AND WOODS, Mr. GOLDING FAIRFIELD, Mr. ROYAL C. RUBRIGHT, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

WE will refer to the parties as they appeared in the trial court where plaintiff in error was plaintiff and defendants in error were defendants.

Plaintiff filed its complaint against a Mr. and Mrs. Nelson to enforce collection of the sum of $390.00 alleged to be due it under a contract to perform certain work and install certain material at a residence property then owned by the Nelsons. It was alleged that the Nelsons, " * * * agreed that the amount due therefor should be and constitute an incumberance and lien on said property which might be foreclosed as a mortgage * * *." Plaintiff alleged performance of the contract on its part and failure of the Nelsons to pay the amount alleged to be due under the terms of the contract.

It is further alleged, "That a written instrument embodying the terms of said contract was duly recorded on July 11, 1958, in Book 329, page 50, in the records of said City and County of Denver." The complaint also contains an allegation that on July 24, 1958, the Nelsons conveyed the real estate to Arthur W. Cameron and Nadine M. Cameron who were joined as defendants with the Nelsons, and that the Camerons "had full knowledge and notice of the existence of said contract, incumberance and lien, and that the amount due thereunder remained unpaid." As against the Camerons, plaintiff sought a decree authorizing the sale of said real estate "as upon foreclosure, for the payment and satisfaction of said lien, * * *."

The Nelsons appeared in the action; filed an answer denying liability to plaintiff; and asserted a counterclaim for $1,100.00 based on the alleged failure of plaintiff to perform in a workmanlike manner the services contracted for, and alleged that the materials used by plaintiff were inferior in quality to that called for by the contract. The issues thus framed between plaintiff and the Nelsons have not been tried.

The questions for determination on this review are raised by the action of the trial court in granting the motion for summary judgment filed by the Camerons. In connection with this motion, the controversy came before this court in original proceedings instituted by

plaintiff. A rule to show cause issued upon its petition and on the final hearing in that matter the rule was discharged. See *Broadway Roofing and Supply, Inc. v. District Court,* 140 Colo. 154, 342 P. (2d) 1022. Following the opinion in said original proceeding defendants again brought the motion for summary judgment before the trial court, and, after due notice to plaintiff, a hearing was held at the conclusion of which the trial court entered the following findings and judgment:

"THIS MATTER, was heard on March 31, 1959 on Motion for Summary Judgment filed by the defendants Arthur W. Cameron and Nadine M. Cameron, and the Court having heretofore entered its Summary Judgment on April 13, 1959, and the case having been taken to the Supreme Court of the State of Colorado by an original proceeding, No. 19,066, which was terminated by an Opinion of the Court dated August 17, 1959, and on August 31, 1959 a Petition for Rehearing therein was denied, and counsel for defendants Arthur W. Cameron and Nadine M. Cameron having presented a form of Final Judgment for entry by this Court which will comply with the decision made by the Supreme Court of the State of Colorado, and the Court having considered the files and the decision of the Supreme Court, and having heard statements and arguments of counsel, and being fully advised in the premises, DOTH FIND:

"That there is no genuine issue as to any material fact relevant to the position of the defendants Arthur W. Cameron and Nadine M. Cameron, and the Court, pursuant to Rule 54(b), R.C.P. Colo., finds and determines expressly that there is no just reason for delay, and that said defendants are entitled to a final judgment dismissing them as parties to said action; and since a Lis Pendens was filed by plaintiff on the 27th day of October, 1958 in Book 8264 at Page 299 in the office of the Clerk and Recorder of the City and County of Denver, State of Colorado, it should likewise be released so far as it affects the property of defendants Cameron, known as

Lot 9, Block 34, University Hills No. 2, Filing No. 3, located in the City and County of Denver, State of Colorado, commonly known and numbered as 3040 South Forrest Street;

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that this Court makes an express determination that there is no just reason for delay and it expressly directs the entry of a final judgment herein. Said final judgment is that defendants Arthur W. Cameron and Nadine M. Cameron shall be dismissed as parties to this action with prejudice and that the Lis Pendens heretofore filed in Book 8264 at Page 299 of the records of the Clerk and Recorder of the City and County of Denver shall be released and discharged with respect to the property therein described, thirty-one days after the date of entry of this Final Judgment herein."

If the trial court was correct in concluding from the record relating to the motion for a summary judgment, "that there is no genuine issue as to any material fact relevant to the position of the defendants Arthur W. Cameron and Nadine M. Cameron," then the judgment should be affirmed.

We have hereinabove set forth the pertinent allegations of the complaint. The motion for summary judgment contains the following:

"1. The affidavit of Golding Fairfield hereto attached.

"2. The complaint of plaintiff herein on file in this action.

"The grounds for this motion are that as to the alleged claim of plaintiff's complaint, there is no genuine issue as to any material fact and the defendants, Arthur W. Cameron and Nadine M. Cameron, are entitled to a judgment as a matter of law."

The affidavit of Golding Fairfield contains the following:

"That Affiant has personally searched the indices in the office of the County Clerk and Recorder of the City and County of Denver and State of Colorado, and has

ascertained from the Chattel Mortgage index for the year 1958 that the 'written instrument' referred to in paragraph 4 of the Complaint was in fact duly recorded on July 11, 1958, in Book 329 of the Chattel Mortgage records at Page 50;

"That Affiant personally examined the Chattel Mortgage book above referred to and found on Page 50 thereof a recording of said 'written instrument' on July 11, 1958; that said 'written instrument' is both indexed and recorded in the Chattel Mortgage records of said City and County; that said 'written instrument' was not listed in the general real estate index in said office on the recording date alleged in said paragraph 4 of the complaint.

"That Exhibit A attached to this Affidavit is a true and correct photographic copy of said recorded instrument as the same appears of record in said Book 329 at Page 50."

Exhibit A referred to in said affidavit which admittedly is the document referred to in plaintiff's complaint as having been recorded "embodying the terms of the contract," is not signed by anyone. It is a printed form with certain typewritten material filled in the blank spaces. This exhibit was indexed in the records of the clerk and recorder in the book devoted to chattel mortgages. It was unsigned and unacknowledged. It describes no real estate by legal description but refers to the property "located at 3040 South Forrest," and in the space provided following the printed word "specifications" makes reference to installation of certain stone work and other remodeling of premises. In the fine print at the end of the printed form appears, inter alia, the following:

"It is understood and agreed that this instrument shall constitute and be an encumbrance and lien against said premises until the indebtedness hereby secured shall be paid in full and released of record by the holder hereof,

14

and that said lien may be foreclosed as a mortgage
* * *."

This is the "written instrument" referred to in the complaint. Being unsigned by any person or corporation it falls far short of the essentials required to establish a lien upon real estate.

Plaintiff's president filed an affidavit in which it was asserted in pertinent part that:

" * * * a short time prior to July 24, 1958, that the defendants Arthur W. Cameron and Nadine M. Cameron were about to purchase the property described in said paragraph 2 of said complaint, and that, prior to said date, and before said defendants had purchased said property, she gave said defendants due notice that said contract had been executed, that said work had been performed, *that said contract was then of record in the office of the County Clerk and Recorder of the City and County of Denver and State of Colorado, and that said corporation claimed a lien upon said property pursuant to the terms of said contract,* and that, if the amount due to the plaintiff was not paid, the plaintiff would be compelled to bring suit to foreclose said lien and to recover the amount due it, * * *." (Emphasis supplied.)

Several times in the brief of counsel for plaintiff it is asserted that the Nelsons made a "verbal agreement" with the plaintiff to create a lien on the real estate subsequently purchased by the Camerons. The effect of the argument is that the unsigned order blank obviously prepared by plaintiff serves to give notice to the Camerons of an "equitable lien" claimed by it which is based upon an alleged performance of the "verbal agreement" with the Nelsons. It is argued that the unsigned document which was recorded as a chattel mortgage furnishes notice to the Camerons of the "verbal agreement." For whatever it is worth, the Camerons are willing to be charged with notice of the recorded instrument. The first line of the fine print contained in said document reads as follows:

"Verbal agreements or other arrangements not appearing upon this contract will not be recognized."

■ We think it sufficient to say that as against the Camerons no lien was ever created against the property which they purchased from the Nelsons. The cases to which our attention has been called by counsel for plaintiff, and relied on as supporting his position, are clearly distinguishable upon the facts. The trial court did not err in granting the motion for summary judgment.

The judgment is affirmed.

MR. CHIEF JUSTICE HALL and MR. JUSTICE DOYLE concur.