373 P.2d 525 (1962)
John P. HAMM, Emil J. Bruderlin, Pauline C. Bruderlin, Anne A. Preston and Allison P. Goodheart, Plaintiffs in Error,
v.
The TWIN LAKES RESERVOIR AND CANAL COMPANY; The Colorado National Bank of Denver, Colorado; The Connecticut Mutual Life Insurance Company; George H. Doak, Albert C. Pantle, Pete Peters, Clyde Boston, Kenneth Singleton, Truman J. McClure, Charles P. Schiro, Wayne Bennett, Orville Tomky, Herbert Schroeder and Harry Clinger, severally and in common, Individually and for and on behalf of themselves in common and all others similarly situated members of the class of landholders, water users and stockholders of the Twin Lakes Reservoir and Canal Company so numerous as to make it impractical to bring them all before the Court, Defendants in Error.
No. 20020.
Supreme Court of Colorado. En Banc.
July 23, 1962.
*526 Edwin A. Williams, Denver, for plaintiffs in error.
Yegge, Hall & Shulenburg, Denver, Thulemeyer & Stewart, La Junta, for defendants in error.
SUTTON, Justice.
Plaintiffs in error seek to dismiss their writ of error without prejudice and with directions to the trial court for further proceedings subject to its discretionary powers under R.C.P. Rule 54(b), 16 A.R. S.
The reason for the request, which defendants in error object to, is because this court heretofore on April 12, 1962, did dismiss a companion action (No. 20005) because no final judgment had been decreed therein.
Rule 54(b) allows a trial court to direct entry of a final judgment upon one or more but less than all of the claims on certain conditions where more than one claim exists.
In the instant action the rights of these plaintiffs in error, which involve the asserted ownership of a ditch easement across certain lands involved in case No. 20005, appear to be so inextricably interwoven with the general dispute between the parties in No. 20005, that the trial court now deems it necessary to enable him to determine that action that this writ of error also be dismissed.
Our rules and decisions discourage the piecemeal review of a cause. Vandy's, Inc., et al. v. Nelson, et al., 130 Colo. 51, 273 P.2d 633 (1954). If the judgment is not final as to the parties in No. 20005 and that controversy involves this writ of error which arose out of the same action in the trial court, then the rulings here complained of may, before No. 20005 is finally determined in the trial court, be altered or withdrawn by the trial court before entering a final judgment and decree as to the entire controversy. See Broadway Roofing and Supply, Inc. v. District Court of the Second Judicial District, et al., 140 Colo. 154, 342 P.2d 1022 (1959). Thus until the action in the trial court has been decided as to all the parties there is no final judgment to which a writ of error will lie. Berry v. Westknit Originals, Inc., 145 Colo. 48, 357 P.2d 652 (1960). A final judgment can only enter when the trial court has nothing further to do to determine the rights of the parties involved in the suit (Vandy's, supra) unless the judgment meets the requirements of Rule 54(b) which this one does not.
The writ of error is dismissed.
McWILLIAMS, J., not participating.