Mr. Justice Sutton
delivered the opinion of the Court.
Plaintiffs in error seek to dismiss their writ of error *448 without prejudice and with directions to the trial court for further proceedings subject to its discretionary powers under R.C.P. Rule 54 (b).
The reason for the request, which defendants in error object to, is because this court heretofore on April 12, 1962, did dismiss a companion action (No. 20,005) because no final judgment had been decreed therein.
Rule 54 (b) allows a trial court to direct entry of a final judgment upon one or more but less than all of the claims on certain conditions where more than one claim exists.
In the instant action the rights of these plaintiffs in error, which involve the asserted ownership of a ditch easement across certain lands involved in case No. 20,005, appear to be so inextricably interwoven with the general dispute between the parties in No. 20,005, that the trial court now deems it necessary to enable him to determine that action that this writ of error also be dismissed.
 Our rules and decisions discourage the piecemeal review of a cause. Vandy’s, Inc., et al, v. Nelson, et al., 130 Colo. 51, 273 P. (2d) 633 (1954). If the judgment is not final as to the parties in No. 20,005 and that controversy involves this writ of error which arose out of the same action in the trial court, then the rulings here complained of may, before No. 20,005 is finally determined in the trial court, be altered or withdrawn by the trial court before entering a final judgment and decree as to the entire controversy. See Broadway Roofing and Supply, Inc., v. District Court of the Second Judicial District, et al., 140 Colo. 154, 342 P. (2d) 1022 (1959). Thus until the action in the trial court has been decided as to all the parties there is no final judgment to which a writ of error will lie. Berry v. Westknit Originals, Inc., 145 Colo. 48, 357 P. (2d) 652 (1960). A final judgment can only enter when the trial court has nothing further to do to determine the rights of the parties involved in the suit (Vandy’s, supra) unless the *449 judgment meets the requirements of Rule 54 (b) which this one does not.
The writ of error is dismissed.
Mr. Justice McWilliams not participating.