No. 20464.

Lula A. McGlasson *v.* J. P. Hilton, et al.

(393 P.2d 733)

Decided July 6, 1964.

Mr. Truman E. Coles, for plaintiff in error.

Messrs. Coit and Walberg, for defendant in error J. P. Hilton.

*In Department.*

Opinion by Mr. Justice Hall.

On October 11, 1960, McGlasson, as plaintiff, filed her amended complaint, wherein she names as defendants,

the defendant in error J. P. Hilton, and one H. J. Albers. She charged the defendants entered into a joint conspiracy to cause her to lose her employment and did cause her "to be separated from Federal Government Service on Total Disability Separation," for which she claims $116,000.00 actual and $30,000.00 exemplary damages.

The defendants filed a motion to dismiss for the reason that the complaint does not state a claim against them or either of them. This motion was sustained as to Hilton and denied as to Albers. On June 12, 1962, the following Judgment and Order were entered:

"The Court having this day ordered that judgment enter in favor of the Defendant J. P. Hilton and against the plaintiff, said Defendant's Motion for Judgment having been granted, now therefore;

"IT IS ORDERED, ADJUDGED AND DECREED by the Court that this cause be, and hereby is, dismissed as to the Defendant J. P. Hilton; and that said Defendant go hence hereof and have and recover of and from the said Plaintiff Lula A. McGlasson, his costs in this behalf laid out and expended to be taxed; and have execution therefor."

\* \* \*

" \* \* \* that the defendant H. J. Albers may have time until twenty (20) days from this day in which to answer."

McGlasson is here by writ of error seeking reversal of the foregoing Judgment. Her case against Albers is at issue and not disposed of.

Under the circumstances here, McGlasson is premature in suing out a writ of error prior to adjudication of all matters pending before the trial court.

Rule 54 (b), R.C.P. Colo., provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third party claim, the court may direct the entry of a final judgment upon one or more but less

than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all claims."

Here, the trial court entered judgment upon one of two claims. This was not a final judgment as contemplated by the rule, for such judgment could be entered "only upon an *express determination* that there is no just reason for delay and upon an *express* direction for the entry of judgment." (Emphasis supplied.)

The court made no such express determination and having failed so to do there is no final judgment for review.

In *Hamm v. Twin Lakes Co.,* 150 Colo. 447, 373 P.2d 525, this court said:

"* * * Thus until the action in the trial court has been decided as to all the parties there is no final judgment to which a writ of error will lie. *Berry v. West-knit Originals, Inc.,* 145 Colo. 48, 357 P. (2d) 652 (1960). A final judgment can only enter when the trial court has nothing further to do to determine the rights of the parties involved in the suit *(Vandy's,* supra) unless the judgment meets the requirements of Rule 54 (b) which this one does not."

The writ of error is dismissed.

MR. JUSTICE MOORE and MR. JUSTICE DAY concur.