527 P.2d 910 (1974)
Mark L. LEVINE, a/k/a Mark Lee Levine, and Ellen S. Levine, formerly known as Ellen Sachter, on behalf of themselves and all others similarly situated, Plaintiffs-Appellants,
v.
EMPIRE SAVINGS AND LOAN ASSOCIATION et al., Defendants-Appellees.
No. 74-012.
Colorado Court of Appeals, Div. II.
July 16, 1974.
As Modified on Denial of Rehearing August 7, 1974.
Certiorari Granted November 4, 1974.
Hellerstein & Levine, Harry L. Hellerstein, Aurora, Criswell & Patterson, John A. Criswell, Englewood, for plaintiffs-appellants.
Mosley, Wells & Dean, James H. Mosley, Denver, for defendant-appellee Western Fed. Sav. and Loan Assn.
Balaban & Lutz, John A. Lobus, Denver, for defendant-appellee Mile High Sav. and Loan Assn.
Calkins, Kramer, Grimshaw & Harring, Richard L. Harring, Denver, for defendant-appellee Empire Sav. and Loan Assn.
Law, Nagel & Clark, Robert L. Nagel, Denver, for defendant-appellee James B. Nutter & Co.
Fairfield & Woods, Howard K. Holme, Denver, for defendant-appellee Midland Fed. Sav. and Loan Assn.
Selected for Official Publication.
RULAND, Judge.
Defendants have filed a motion to dismiss the appeal in this case. We grant the motion.
The record reflects that plaintiffs, on behalf of themselves and all others similarly situated, filed a class action complaint in the district court pursuant to C.R.C.P. 23. The complaint asserts ten claims for relief. The gist of the complaint is that defendants *911 have collected real estate loan "assumption fees" without legal basis therefor, and the prayer requests judgment in the amount of the "assumption fees" paid to defendants by plaintiffs and others similarly situated, together with interest, costs, reasonable attorney fees, and injunctive relief from collection of future "assumption fees" by defendants.
Defendants each filed motions challenging the complaint, requesting dismissal for failure to state a claim, and requesting the court to strike the class action allegations and to dismiss for improper joinder of parties. On the basis that plaintiffs had failed to comply with the requirements of C.R.C.P. 23, the trial court dismissed the complaint insofar as it alleged a class action, and struck the class action allegations of the complaint. Plaintiffs were granted leave to pursue their individual claim for refund of assumption fees totaling $395.
Plaintiffs then filed their notice of appeal on November 30, 1973. On March 5, 1974, the trial court entered an order pursuant to C.R.C.P. 54(b) (nunc pro tunc to November 30, 1973) determining that there was no just reason for delay and that its decision relative to the class action status of this case should be treated as a final judgment.
In support of their motion to dismiss the appeal, defendants contend that the order of the trial court striking the class action allegation and dismissing the class action aspects of the complaint is not a final judgment pursuant to C.A.R. 1(a)(1), and the order is thus not appealable at this stage of the proceedings. We agree.
Our Supreme Court has consistently defined a final judgment as one which concludes a case to the extent that no further action is required in order to completely determine the rights of the parties involved. See Dusing v. Nelson, 7 Colo. 184, 2 P. 922; compare People v. Cochran, 176 Colo. 364, 490 P.2d 684. The basis for adherence to this definition has been to discourage piecemeal review of litigation. See Hamm v. Twin Lakes Reservoir & Canal Co., 150 Colo. 447, 373 P.2d 525. Consistent with this definition, for example, the following orders of a trial court have been held not to be final judgments: Denying a motion to add additional parties, Weaver v. Bankers Life & Casualty Co., 146 Colo. 157, 360 P.2d 807, Burks v. Maudlin, 109 Colo. 281, 124 P.2d 601; striking allegations of a complaint, Jernigan v. Lakeside Park Co., 136 Colo. 141, 314 P.2d 693; allowing intervention, Groendyke Transport, Inc. v. District Court, 140 Colo. 190, 343 P.2d 535; dismissing a third-party complaint without prejudice, Schoenwald v. Schoen, 132 Colo. 142, 286 P.2d 341; and, dismissing plaintiffs' claims against some (but not all) of the defendants, Berry v. Westknit Originals, Inc., 145 Colo. 48, 357 P.2d 652. Here, the court's order does not finally determine the rights of the members of the class as to any claim they may wish to assert in their individual capacities against the defendants, and specifically authorizes plaintiffs to proceed with their individual claims. Hence, under present Colorado decisions, this order may not be considered a final judgment for purposes of appeal.
The fact that plaintiffs have obtained an order of the trial court purporting to create a final judgment pursuant to C.R.C.P. 54(b) is of no assistance to them in this case. Final adjudication of a particular claim in a case involving multiple claims or multiple parties may be certified as a final judgment pursuant to C.R.C.P. 54(b). See, e. g., Board of County Commissioners v. Anderson, Colo.App., 525 P. 2d 478 (announced April 30, 1974). However, if, as here, an order does not constitute final adjudication of a claim, certification of it as such does not operate to make it so. Trans Central Airlines, Inc. v. McBreen, 31 Colo.App. 71, 497 P.2d 1033.
In addition, the trial court may not certify an order as a final judgment pursuant to C.R.C.P. 54(b) after the notice of appeal has been filed. This is because the trial court loses jurisdiction of the case *912 except in specific areas where the Rules of Civil Procedure or Appellate Rules authorize the court to act, see Rivera v. Civil Service Commission, Colo.App., 529 P.2d 1347 (announced June 14, 1974), and the rules do not reserve jurisdiction to the district court to enter final judgment pursuant to C.R.C.P. 54(b) subsequent to the filing of the notice of appeal. See Williams v. Bernhardt Bros. Tugboat Service, Inc., 357 F.2d 883, (7th Cir.); Oak Construction Co. v. Huron Cement Co., 475 F.2d 1220 (6th Cir.).
Plaintiffs contend that we should now adopt a practical construction of the final judgment requirement in C.A.R. 1(a)(1) and apply the so-called "death knell" theory adopted by some of the federal courts and, in effect, applied in some state jurisdictions. See, e. g., Eisen v. Carlisle & Jacquelin, 370 F.2d 119 (2d Cir.); Gosa v. Securities Investment Co., 449 F.2d 1330 (5th Cir.); Darr v. Yellow Cab Co., 67 Cal.2d 695, 63 Cal.Rptr. 724, 433 P.2d 732; Reader v. Magma-Superior Copper Co., 108 Ariz. 186, 494 P.2d 708. These courts have allowed appeal of orders striking class action allegations or dismissing that portion of a complaint asserting a class action claim on the basis that the order constitutes the "death-knell" of the case. Stated otherwise, it is reasoned that to deny an appeal will for all practical purposes terminate the litigation because it may be assumed that plaintiffs are financially unable to proceed with a complex and expensive case in an individual capacity when the size of their claim is nominal. See Eisen v. Carlisle & Jacquelin, supra.
We reject the "death-knell" concept. First and foremost, it is not compatible with existing Colorado decisions. Second, we note that courts which have adopted this concept have later experienced difficulty in determining in which cases the "death-knell" theory should be applied, see Korn v. Franchard Corp., 443 F.2d 1301 (2d Cir.); compare City of New York v. International Pipe & Ceramics Corp., 410 F.2d 295 (2d Cir.), and thus the "death-knell" doctrine has been criticized as requiring appellate courts to make ad hoc judgments on a case-by-case basis, see concurring opinion by Friendly, J., Korn v. Franchard Corp., supra; 7 C. Wright & A. Miller, Federal Practice and Procedure § 1802. A recent example of such ad hoc judgments is Eisen v. Carlisle & Jacqueline, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732. In addition, the doctrine has been rejected by at least two courts, see Hackett v. General Host Corp., 455 F.2d 618 (3rd Cir.) and King v. Kansas City Southern Industries, Inc., 479 F.2d 1259 (7th Cir.); see also Weaver v. Disabled American Veterans, 490 S.W.2d 341 (Mo.App.).[1]
Appeal dismissed.
SILVERSTEIN, C. J., and ENOCH, J., concur.
NOTES
[1] Those federal cases which have allowed appeal of class action determinations pursuant to 28 U.S.C. § 1292(a) pertaining to appeal of interlocutory orders are not applicable in this case because Colorado does not have a similar statute.