**JUDD CONSTRUCTION COMPANY,**
**Plaintiff–Appellee,**

v.

**EVANS JOINT VENTURE,**
**Defendant–Appellant,**

**and**

**ACE TILE COMPANY, INC., d/b/a Ace Tile and Terrazo, Inc., Plaintiff,**

v.

**JUDD CONSTRUCTION COMPANY, Samuel Brown, Ronald Brown, Gary Moscok and Harold Kapelovitz, Defendants,**

**and**

**EVANS JOINT VENTURE,**
**Third–Party Plaintiff,**

v.

**Joel JUDD, Third-Party Defendant.**

No. 79CA0785.

Colorado Court of Appeals,
Div. I.

June 19, 1980.

Rehearing Denied Aug. 7, 1980.

Certiorari Granted Nov. 24, 1980.

Reckseen & Lau, P. C., Joel Judd, Northglenn, for plaintiff–appellee.

Hobbs & Waldbaum, P. C., William E. Brayshaw, Denver, for defendant–appellant.

SMITH, Judge.

Defendant Evans Joint Venture (Evans) appeals from a judgment entered against it in an action brought by Judd Construction Company (Judd) to confirm an arbitration award. Evans alleges that because other issues between it and Judd were left unresolved, entry of a final judgment was improper. We agree, and reverse and remand with directions.

In April 1978, Ace Tile Company, Inc. brought an action against Judd and Evans seeking recovery for materials and labor provided to Judd as the general contractor of a project owned by Evans. Both Judd and Evans filed answers to the complaint of Ace and also Evans filed counterclaims against Ace Tile and cross–claims against Judd.

On June 1, 1978, while the Ace suit was pending, Judd commenced an arbitration proceeding against Evans under the terms of the construction contract. Although the dispute for which arbitration was sought arose out of the same construction project as was involved in the action brought by Ace Tile, the cross–claims were not related to the actual subject matter involved in the arbitration proceeding. On November 2, 1978, the arbitrator entered an award in the amount of $14,236.62 in favor of Judd, but ordered Judd to hold Evans harmless for all claims which Ace Tile might establish in its pending action.

On November 13, 1978, Judd filed the instant action seeking confirmation of the arbitrator's award in district court under § 13–22–213, C.R.S. 1973 (1979 Cum.Supp.). On December 14, 1978, the court ordered consolidation of the Ace Tile action with the instant case. Although the issues raised by Ace Tile against Judd and Evans remained outstanding in the consolidated case, the court, on June 21, 1979, confirmed the arbitrator's award, and finding that there "was no just reason for delay" entered a judgment awarding Judd the amount due it under the arbitration award. Subsequent to the filing of this appeal, the parties stipulated to the dismissal with prejudice of the claims of Ace Tile against Evans, Judd,

and the individual defendants. This stipulation did not, however, affect the counterclaims and cross–claims filed by Evans.

A party to an arbitration may, after rendition of an arbitrator's award, commence an action in the district court seeking confirmation of such award and entry of a judgment in conformity therewith. §§ 13–22–213 and 13–22–216, C.R.S. 1973 (1979 Cum.Supp.). The court in which such action has been brought shall confirm the arbitrator's final award unless grounds for vacating, modifying, or correcting the award are timely asserted. Section 13–22–213, C.R.S. 1973 (1979 Cum.Supp.). Once an arbitration award has been confirmed, a judgment or decree shall enter in conformity with the award and can be enforced as any other judgment or decree. Section 13–22–216, C.R.S. 1973 (1979 Cum.Supp.).

■ We conclude that the provisions of §§ 13–22–213 and 13–22–216, C.R.S. 1973 (1979 Cum.Supp.), were not intended to require a court to confirm an arbitrator's award and enter judgment or decree upon that award when other issues which have become a part of the proceeding for confirmation and entry of judgment or decree remain unresolved. Absent an appropriate C.R.C.P. 54(b) order, a final judgment cannot be entered when fewer than all the claims have been resolved. *Levine v. Empire Savings & Loan Ass'n*, 34 Colo.App. 235, 527 P.2d 910 (1974) *aff'd*, 189 Colo. 64, 536 P.2d 1134 (1975). To permit confirmation and entry of judgment or decree when issues remain unresolved would impermissibly encourage piecemeal litigation and review of cases. *Hamm v. Twin Lakes Reservoir & Canal Co.*, 150 Colo. 447, 373 P.2d 525 (1962).

■ In the case at bar, once the proceeding for confirmation and entry of judgment on the arbitrator's award was consolidated with the existing action brought by Ace Tile, the issues in the Ace Tile case, including the cross–claims of Evans against Judd, had to be resolved before entry of a *final* judgment in the case. Although Judd will ultimately be entitled to be awarded the amount found to be due by the arbitrator, resolution of the cross–claims could well result in an offset against that amount which will require the ultimate, final judgment to be for an amount less than the arbitrator's award. Thus, to permit entry of a final judgment on the arbitration portion of the combined suit, and by so doing allow execution prior to resolution of the other claims between the parties, would defeat the ability of the rules to discourage multiplicity of litigation. We therefore conclude that the trial court erred in entering a final judgment on the arbitrator's award prior to determination of the issues raised in the cross–claims.

The judgment is reversed, and the cause is remanded with directions for the trial court to stay entry of judgment pending resolution of the issues remaining to be determined between Evans and Judd in the original action brought by Ace Tile Company.

COYTE and KELLY, JJ., concur.