339 A.2d 250.

THE SHOOR-ELIAS GLASS CO. *vs.* RAYMOND CONSTRUCTION
Co., INC.

JUNE 9, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This action was brought by a subcontractor, Shoor-Elias Glass Co. (hereinafter sometimes referred to as subcontractor) against Raymond Construction Co., Inc.,

the general contractor (hereinafter sometimes referred to as contractor) for alleged balances due for glass and glazing on five separate construction jobs. These balances include the unpaid portion of the original contract price plus some charges for extra work done by the subcontractor. The contractor in its answer denied any balance due and counterclaimed for damages caused by alleged delays of the subcontractor. The case was heard before a trial justice, sitting without a jury, and he rendered a decision in favor of the plaintiff subcontractor in the amount of $5,196, which was the balance due on the contracts. The trial justice awarded no damages for the alleged extra work done by the subcontractor, nor did he award damages for alleged delays claimed by the general contractor. The contractor seasonably appealed from the judgment entered in the Superior Court.

The first contention made by defendant is that the trial justice's decision did not comply with Super. R. Civ. P. 52(a). The relevant portion of Rule 52(a) states:

> "In all actions tried upon the facts without a jury * * * the court shall find the facts specially and state separately its conclusions of law thereon * * *."

The defendant alleges that the trial justice failed to set forth sufficient factfinding upon which he based his conclusions. This requirement to "find the facts specially," has been construed in *Rowell* v. *Kaplan,* 103 R. I. 60, 235 A.2d 91 (1967). Therein we stated:

> "* * * we will not in every instance insist upon strict compliance with the fact-finding requirements of rule 52(a)." *Id.* at 70, 235 A.2d at 97.

We further stated:

> "* * * the rule does not demand discursive statements or an extensive analysis of the evidence. Findings, even though brief, will suffice if they are definite and pertinent, cover the factual issues which have relevance to the controlling legal questions, and dis-

pose of the contested issues." *Id.* at 71, 235 A.2d at 97-98.

Thus, the trial justice in the case at bar need only make specific findings on factual issues relevant to the controlling legal questions which are endemic to the contested issues.

Turning to the trial justice's decision, we believe that the trial justice has stated sufficient facts which indicate the basis for his holdings on the contested issues involved. The essential factual issues were outlined in his recitation of the statement of facts. That statement demonstrates that the prime issue in the controversy was the alleged delays which each party claimed against the other. A reading of the trial justice's decision indicates he made sufficient factual findings, based on the evidence, to give this court an understanding of his resolution of the controlling and essential factual and legal issues. His decision also indicates that, while he acknowledged the existence of disputed testimony, he resolved credibility in favor of plaintiff on the issues of delay. The trial justice clearly stated that he believed the testimony of the impartial witness, whose testimony not only supported plaintiff's version as to the alleged delays on one of the contracts, but also undermined the credibility of the president of defendant company.

The defendant further argues that the trial justice failed to comply with Rule 52(a) when he failed to make any findings or mention of the Swiss Automatic Machine Company job. As noted above, credibility was the key to the trial justice's decision. Since credibility was crucial to the resolution of respective rights on each contract, including the Swiss Automatic job, the court impliedly made a finding on this contract when it found for the subcontractor on all five jobs.

The defendant next argues that the trial justice was clearly wrong in not awarding damages after he found

that plaintiff had caused delays and thereby breached its contract. We think that this contention misstates the trial justice's decision. He found that there were delays in the performance of work by the subcontractor, but he did not find that the subcontractor was the cause of any of these delays. The trial justice attributed the delays to either factors beyond the control of the subcontractor or to other delays with which the subcontractor's delays were inextricably intertwined. Thus, he concluded that defendant had neither sustained its burden of proving that the subcontractor caused any delays nor sustained its burden of showing any financial loss resulting therefrom.

We have reviewed defendant's argument to the contrary in the light of our long-standing rule that where parties submit their case on law and facts to a trial justice sitting without a jury, his findings of fact are entitled to great weight and will not be disturbed by this court unless they are clearly wrong. *Mello* v. *Coy Real Estate Co.*, 103 R. I. 74, 78, 234 A.2d 667, 670 (1967). The defendant has not sustained this burden, hence we affirm the decision of the trial justice in his findings.

The defendant's last argument, namely, that the trial justice was clearly wrong in failing to award the defendant liquidated damages as provided in the contract, is disposed of by the above discussion.

The defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the cause is remanded to the Superior Court for further proceedings.

*Halpert & Scoliard, Sheldon R. Scoliard,* for plaintiff-appellee.

*Swan, Keeney, Jenckes & Asquith, Conrad M. Cutcliffe, Edward W. Moses,* for defendant-appellant.