No. 27653

**Dick Nolan, d/b/a Nolan Aircraft Sales and Nolan's Flight Service v. District Court, Second Judicial District, State of Colorado, and the Honorable Charles Goldberg, judge thereof**

(575 P.2d 9)

Decided February 21, 1978.

Charles B. Darrah, for petitioner.

Daniel W. Dean, for respondents.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Petitioner Nolan seeks relief in the nature of mandamus and prohibition in this original proceeding against respondent district court which permitted Frances La Bue to intervene in a suit between petitioner Nolan and Jerry La Bue, the intervenor's husband. The respondent district court also ordered petitioner Nolan to return funds garnisheed on his behalf to the registry of the court. We issued a rule to show cause why respondent district court's orders should not be quashed. The parties have responded and we now hold that the orders of the respondent district court were proper. We therefore discharge the rule.

In 1970, petitioner Nolan obtained a judgment against Jerry La Bue for $3,450. On August 25, 1976, Nolan served a writ of garnishment on the Adolph Coors Company which had control of a check for $5,338.97 issued to Jerry La Bue in payment of a barley shipment. On September 15, 1976, a garnishment judgment of $4,858.43 was entered against Adolph Coors Company in favor of Jerry La Bue for petitioner Nolan's use.

Frances La Bue filed a motion to intervene on September 28, 1976. She also filed an answer to the garnishment in which she claimed that Adolph Coors Company owed the money to her, not to her husband. Nolan objected that the motion to intervene was not timely. Following a hearing held on January 18, 1977, the respondent district court granted the motion to intervene and ordered Nolan to return the amount of the judgment to the registry of the court pending a further hearing. Nolan sought relief in the nature of mandamus or prohibition by filing this petition on May 3, 1977.

I.

Respondents argue that petitioner Nolan's request for relief was not timely. This original proceeding was filed three months after the court ruled on Frances La Bue's motion and entered the orders challenged here. C.R.C.P. 106(b), which governs the procedure for obtaining relief in the nature of mandamus and prohibition from the district court, provides for a thirty-day limit on the filing of those petitions. However, C.A.R. 21, which governs supreme court original proceedings, does not specify any time limit on filing and C.R.C.P. 106(b) does not apply to original proceedings in the supreme court. *See Lucas v. Dist. Ct.*, 140 Colo. 510, 345 P.2d 1064 (1959).

Application of the doctrine of laches may bar consideration of original proceedings by the supreme court; nevertheless, in this case, the three-month delay was not unreasonable. *Cf. James v. James*, 95 Colo. 1,

32 P.2d 821 (1934) (delay of over two years); *People v. Dist. Ct.*, 54 Colo. 576, 131 P. 424 (1913) (delay of ten months). Further, respondents have not demonstrated any prejudice or injury as a result of the delay as they must do to invoke the doctrine of laches. *See Calvat v. Juhan*, 119 Colo. 561, 206 P.2d 600 (1949).

## II.

■ The main question before us is whether the trial court has jurisdiction to permit a third party to intervene in a garnishment proceeding after the garnishee judgment has been entered. C.R.C.P. 103(o) regulates intervention in garnishment proceedings and provides as follows:

"Any person other than the garnishee or the parties to the action, who claims any credits, effects, debts, choses in action, or other personal property or any interest therein with which any garnishee is sought to be charged, *may at any time before the garnishment proceedings are determined, intervene* as provided in Rule 24." (Emphasis added.)

Respondents make three arguments to support their contention that the garnishment proceeding had not yet been "determined" on September 28 when Frances La Bue filed her motion to intervene. First, they contend that the notice of levy was served on Jerry La Bue on September 18. It allowed him ten days from that date to file a claim of exemption. Until September 29, when Jerry La Bue could no longer file a claim of exemption, the garnishment proceeding was not "determined." We believe that this argument correctly disposes of the issue, and we need not address the other two arguments.

■ Exemptions permitted by article 54, title 13 of the Colorado Revised Statutes

"*shall* extend and apply to writs of attachment, execution, and *garnishment* issued out of any court of record and by municipal courts." 13-54-106, C.R.S. 1973. (Emphasis added.)

Hence, the exemption procedure is, by statutory command, an integral part of any garnishment proceeding. A garnishment proceeding may not be considered "determined" until decisions regarding the rights of parties to the action can be made, and nothing but ministerial functions remain to be done. *Cf. Berry v. Westknit Originals, Inc.*, 145 Colo. 48, 357 P.2d 652 (1960); *Boxwell v. Greeley Union Natl. Bank*, 89 Colo. 574, 5 P.2d 868 (1931) (cases defining "final judgment" for purposes of appeal).

■ Mrs. La Bue's petition to intervene was filed on the last day Jerry La Bue could have filed an exemption. Had he filed an exemption, another hearing would have been necessary to determine the merit of his claim. Until the time for filing an exemption expired, the garnishment proceeding was not determined. The trial court did not misinterpret Rule 103(o) and it properly permitted the wife to intervene.

The rule is discharged.