Jonathan D. SLAUGHTER, Petitioner-Appellant,

v.

The COUNTY COURT IN AND FOR the COUNTY OF ADAMS, STATE OF COLORADO, and the Honorable Howard J. Otis, one of the judges thereof, Respondents-Appellees.

No. 84CA0210.

Colorado Court of Appeals, Div. II.

Sept. 12, 1985.

Rehearing Denied Oct. 10, 1985.

Certiorari Denied (Slaughter) Jan. 21, 1986.

Feder, Morris & Tamblyn, P.C., Stephen B. Schuyler, Colorado, for petitioner-appellant.

James F. Smith, Dist. Atty., Steven L. Bernard, Chief Trial Deputy, Clyde E. Hook, Deputy Dist. Atty., Brighton, for respondents-appellees.

KELLY, Judge.

Petitioner, Jonathan D. Slaughter, appeals the judgment of the district court denying his application for a writ of prohibition pursuant to C.R.C.P. 106(a)(4). We affirm.

Petitioner was charged in the respondent County Court with driving under the influence. Petitioner entered his not guilty plea through counsel and waived speedy trial through June 7, 1983, the date of his pretrial conference. On November 1, 1983, the prosecution orally moved for a continuance to January 20, 1984, because of the unavailability of the arresting officer. The petitioner objected to the continuance on speedy trial grounds. The court overruled petitioner's objection, granted the prosecution's motion for continuance, and set the matter for trial on January 20, 1984. On January 13, 1984, petitioner sought a writ of prohibition in district court pursuant to C.R.C.P. 106(a)(4). The district court denied petitioner's application on its merits.

■ We agree with the district court's decision, but for reasons different from those relied upon by that court.

C.R.C.P. 106(b) provides in pertinent part:

> "If no time within which review may be sought is provided by any statute, a petition for certiorari or other writ seeking to review the acts of any inferior tribunal shall be filed in the district court not later than 30 days from the final action taken by said tribunal."

The time requirement of C.R.C.P. 106(b) is applicable to writs of prohibition sought pursuant to C.R.C.P. 106(a)(4). *See Nolan v. District Court*, 195 Colo. 6, 575 P.2d 9 (1978). This requirement cannot be tolled or waived, and thus, the failure to bring a C.R.C.P. 106(a)(4) proceeding within the 30-day time limit is a jurisdictional defect requiring dismissal of the proceeding. *See Gold Star Sausage Co. v. Kempf,* 653 P.2d 397 (Colo.1982); *Snyder v. Lakewood,* 189 Colo. 421, 542 P.2d 371 (1975); *Richter v. Greenwood Village,* 40 Colo.App. 310, 577 P.2d 776 (1978).

■ Here, on November 1, 1983, the county court took its final action in granting a continuance. Pursuant to C.R.C.P. 106(b), petitioner's C.R.C.P. 106(a)(4) application had to be filed by December 1, 1983, and his application, filed January 13, 1984, was therefore untimely. Accordingly, the district court should have dismissed petitioner's application for a writ of prohibition as untimely.

Judgment affirmed.

BABCOCK and METZGER, JJ., concur.