The FRONT RANGE PARTNERS, d/b/a the Ranch Development Co.; Grace & Curtis Corporation, d/b/a the Ranch Country Club; Ranch Estates Home-owners' Association, Filing No. 1, by and on behalf of the real and personal property owners therein; Ranch Home-owners' Association, Filing No. 2, by and on behalf of the real and personal property owners therein; and Ranch Homeowners' Association, Filing No. 4, by and on behalf of the real and per-sonal property owners therein, Peti-tioners-Appellants,

v.

HYLAND HILLS METROPOLITAN PARK AND RECREATION DISTRICT; Adams County Treasurer; Adams County Clerk and Recorder; and Ad-ams County Assessor, Respondents-Ap-pellees.

No. 83SA442.

Supreme Court of Colorado,
En Banc.

Sept. 30, 1985.

Mehaffy, Rider, Windholz & Wilson, James A. Windholz, Boulder, for petitioners-appellants.

Kathryn L. Schroeder, Rebecca Parker, Asst. County Attys., Brighton, for respondents-appellees, Adams County Treasurer, Adams County Clerk and Recorder, Adams County Assessor.

Pehr, Fox & Pehr, P.C., Perry W. Fox, Richard L. Fuller, Westminster, for respondent-appellee, Hyland Hills Metropolitan Park and Recreation Dist.

ERICKSON, Justice.

The Front Range Partners (petitioners) appeal an order by the Adams County District Court denying their motion under C.R. C.P. 60(b) to set aside an order of the court reincluding their property in the Hyland Hills Metropolitan Park and Recreation District (Recreation District), respondent-appellee. We conclude that the district court did not abuse its discretion in denying petitioners' motion, and we affirm the district court.

I.

In 1955 the District 50 Metropolitan Recreation District was organized. The name was changed to its present form in 1970. The property which is the subject of this appeal was included in the Recreation District by special election in 1963. One year later, the property was excluded from the district as a tract of farm or ranch land which was in excess of forty acres and was

used primarily for agricultural purposes. Under C.R.S. 1963, 89–12–8, the district court was required to exclude such property from special recreation districts upon petition by the owner. Zoning of the property was changed from agricultural to residential use by the city of Westminster in 1971, and the use of the property was changed to residential in 1973 and 1974 with development of "The Ranch" subdivision.

In 1981, the Recreation District initiated an action to reinclude the subject property into the district pursuant to section 32–1–307, 13 C.R.S. (1984 Supp.) (hereinafter referred to as section 307). The Recreation District notified petitioners of the action, and a public hearing was held to hear petitioners' objections to reinclusion. Following the hearing, the Recreation District's board of directors determined that the property should be reincluded in the district. Using section 307 procedures, the Recreation District then petitioned the Adams County District Court to order reinclusion of the petitioners' property. In 1981, the district court found that the zoning and use of the property had changed from agricultural to nonagricultural. Therefore, under section 307, the court ordered the property reincluded and subject to district taxes and obligations as of January 1, 1982.

Petitioners then filed a C.R.C.P. 60(b) motion with the district court to set aside the original order of reinclusion. After a review of the record, the court determined that petitioners had failed to establish just cause to set aside the order. The court therefore denied the rule 60(b) motion, leaving the prior order of reinclusion intact. Petitioners filed the present appeal.

## II.

█ Petitioners argue that the district court's failure to hold an evidentiary hearing on the rule 60(b) motion amounts to an abuse of discretion by the district court warranting reversal. The resolution of a rule 60(b) motion cannot be overturned on appeal in the absence of an abuse of discretion by the district court. *Continental*

*National Bank v. Dolan,* 39 Colo.App. 16, 564 P.2d 955 (1977). *See also In re Stroud,* 631 P.2d 168 (Colo.1981).

█ The language of the rule provides only that a court *may* relieve a party from final judgment "upon such terms as are just." C.R.C.P. 60(b). Nothing in the rule specifies that the trial court must hold an evidentiary hearing in making its decision on the motion. No precedent in Colorado sets forth a requirement for an evidentiary hearing on rule 60 motions. *See, e.g., Olmstead v. District Court,* 157 Colo. 326, 403 P.2d 442 (1965); *Riss v. Air Rental, Inc.,* 136 Colo. 216, 315 P.2d 820 (1957); *Dudley v. Keller,* 33 Colo.App. 320, 521 P.2d 175 (1974). In our view, a full evidentiary hearing is not required for determination of a motion filed pursuant to rule 60(b), and the district court's review of the trial record without an evidentiary hearing was not an abuse of discretion.

█ Petitioners also claim that the rule 60(b) motion should have been granted because the district was foreclosed from proceeding under section 307 in 1981, making the district court's reinclusion order invalid. The use of the subject property began to change to residential in 1973 and 1974. Under section 32–2–108, 13 C.R.S. (1973) (now superseded by section 307), previously excluded agricultural lands within recreation district boundaries automatically were reincluded in the district when the use of the property changed to nonagricultural. Only upon notice to the owners could the property become subject to the obligations, liens, and charges of the district. Here, the Recreation District did not notify the subject property owners as provided in the statute. The property technically became part of the district when its use changed in 1973–74, but the obligations of inclusion within the Recreation District did not attach because the district failed to notify the affected owners.

█ In 1981 the Colorado General Assembly replaced section 32–2–108, 13 C.R.S. (1973), with the new section 32–1–307, 13 C.R.S. (1984 Supp.). Section 307 sets forth

the procedures now necessary for reincluding in recreation districts previously excluded agricultural lands when the use or zoning of the land changes to nonagricultural. Section 307 provides the procedures for reincluding previously excluded lands which undergo a change from agricultural. The section requires that the district notify by mail the affected property owners of record and petition the district court for an order of inclusion. § 32–1–307(4), 13 C.R.S. (1984 Supp.).

Petitioners assert that the Recreation District was required to give notice and institute reinclusion proceedings when the use of the property first changed in 1973–74. We disagree. Nothing in the old section 32–2–108(2), 13 C.R.S. (1973), mandated that the Recreation District *must* notify the property owners and hold a hearing when the property use changed. The Recreation District's failure to act after the property use changed merely conferred a gratuitous windfall on petitioners in that they were not required to pay district fees from 1974 through January 1, 1982.

■ Petitioners claim that the Recreation District's failure to notify the property owners between 1974 and 1981 was an unconscionable delay that caused prejudice and injury to petitioners, precluding reinclusion of the subject property under the equitable doctrine of laches. We disagree with the petitioners. Laches may be invoked by a court when there is an unreasonable delay causing demonstrated prejudice or injury. *Caldwell v. District Court,* 644 P.2d 26 (Colo.1982); *Colorado Ground Water Commission v. Dreiling,* 198 Colo. 560, 606 P.2d 836 (1979); *Nolan v. District Court,* 195 Colo. 6, 575 P.2d 9 (1978). Nothing in the record indicates that petitioners were prejudiced in any way by being exempted from Recreation District taxation between 1974 and 1982. Petitioners were on record notice that their property was reincluded in the Recreation District when the property use changed in 1974 and that they could be subject to taxation at any time if properly notified. Petitioners

are chargeable both with knowledge of the reinclusion statute's provisions and with notice that their property was located within Recreation District boundaries. *Kelley v. South Jeffco Metropolitan Recreation and Park District,* 155 Colo. 469, 476–77, 395 P.2d 210, 214 (1964). Reliance on the "tax exemption" was unjustified and was not prejudicial to petitioners' property interests. The doctrine of laches is not applicable.

■ Petitioners also assert that the reinclusion procedures used by the Recreation District and the district court were deficient under section 307. We find no merit to the claim. The Recreation District acted soon after section 307 was passed in 1981. The district notified the record owners of the subject property by mail, as required by section 307(3), and even provided an opportunity for a hearing, a procedure not required by the statute. The statute requires that the District: "[P]etition the appropriate district court for an order including the subject lands within the district, and the court, upon examining the proof of change of such use or zoning and finding that it complies with this section, shall enter an order including said lands within the district." § 32–1–307(4), 13 C.R.S. (1984 Supp.). The Recreation District petitioned the appropriate district court (Adams County), and the court, after reviewing and verifying the district's findings, entered its order including petitioners' property in the district. We find that the reinclusion procedures of section 307 were properly followed.

■ Petitioners urge various constitutional objections to the statutes and procedures used to reinclude property formerly exempt from recreation districts. We do not reach these issues since they did not appear in petitioners' C.R.C.P. 60(b) motion and are not properly before us. *See Stanspec Corp. v. Jelco, Inc.,* 464 F.2d 1184 (10th Cir.1972); *McKittrick v. McKittrick,* 520 P.2d 1058 (Colo.App.1974).

Accordingly, the judgment of the Adams County District Court is affirmed.