**In re the Organization of the FORT LUPTON PARK AND RECREATION DISTRICT, WELD COUNTY, Colorado.**

**John R. DENT, Janet Lee, and Sherry White, Petitioners for Organization of the Proposed Fort Lupton Park and Recreation District, Appellants,**

v.

**AMOCO PRODUCTION COMPANY, Appellee.**

**No. 89CA0167.**

Colorado Court of Appeals, Div. II.

March 29, 1990.

Rehearing Denied May 24, 1990.

Certiorari Denied Nov. 19, 1990.

Robert L. Tibbals, Jr., Denver, for appellants.

Sayre, Ankele, Icenogle & Slattery, P.C., T. Edward Icenogle, Daniel B. Slattery, Englewood, for appellee.

Opinion by Judge SMITH.

The Fort Lupton Park & Recreation District Organizers (petitioners) appeal an order of the district court granting the petition of Amoco Production Company for exclusion under § 32–1–307, C.R.S. (1989 Cum.Supp.). We reverse.

## I.

In November 1987, the petitioners began the process to create a park and recreation district. Almost a year later the service plan was approved by the county board of commissioners and included information from the assessor's office about which lands were agriculturally zoned. More than 400 individuals, including Amoco Production Company, filed petitions for exclusion of their real property interests from the district.

On November 30, 1988, the court granted Amoco's petition for exclusion of its oil and gas leasehold interests, finding that such exclusion was in the best public interest. The order granting the petition included the minerals underlying any tract of land "40 acres or more used and zoned for agricultural interest" the surface interest of which is not included in the proposed district.

Petitioners filed a motion to reconsider which was denied on January 29, 1989, nunc pro tunc December 30, 1988. However, the court, *sua sponte*, refined and expanded its November exclusion order to include any and all surface and subsurface real property interests of agriculturally zoned land including all minerals and oil and gas interests whether or not the owners of the surface property had even petitioned for exclusion.

In the first order, the court had excluded only Amoco's oil and gas interests. The second order excluded *all* mineral interests. In the court's first ruling, 23 percent of the assessed valuations in the proposed district would be lost due to exclusion. In the second ruling, the assessed valuation was reduced by 65 percent.

Petitioners challenge the amended ruling. We find no legal basis for the district court's construction of the statute, and we therefore reverse the amended order of exclusion.

## II.

The creation of special districts is governed by § 32–1–101 et seq., C.R.S. (1989 Cum.Supp.) and includes, *inter alia*, the filing of a service plan containing a financial proposal based on expected tax revenues. Property owners may be excluded from taxation in two ways.

■ Under § 32–1–307(1), C.R.S. (1989 Cum.Supp.):

"Any part of this part three to the contrary notwithstanding, *no tract of land 40 acres or more used primarily and zoned for agricultural uses* shall be included in any park and recreation district organized under this part three without

the written consent of the owners thereof...." (emphasis added)

Also, property owners who do not meet the criteria for automatic exclusion may petition under § 32–1–305(3), C.R.S. (1989 Cum. Supp.). That provision states:

> "[T]he owner of any real property within the proposed special district may file a petition with the court stating reasons why said property should not be included therein and requesting that said real property be excluded therefrom ... the court shall determine whether, in the best public interest, said property should be excluded or included in the proposed special district."

Here, Amoco was not entitled to automatic exclusion since its leaseholds are not used and zoned for agricultural use. Therefore, their exclusion could only be considered by petition. Amoco proceeded appropriately under § 32–1–305(3).

Although the record before us is limited and there is no indication of any evidence having been presented, the trial court's ruling indicates that it combined §§ 32–1–305(3) and 32–1–307(1) in granting Amoco's petition. First, it found that exclusion of Amoco's mineral interest was in the public interest. It then interpreted the term "agricultural" in § 32–1–307 to include subsurface mineral interests. We reject both rulings.

■ In construing a statute, the courts are bound by § 2–4–101 et seq., C.R.S., (1980 Repl.Vol. 1B) which demands construction according to common usage. If the language of the statute is plain and its meaning clear, it must be applied as written. *Heagney v. Schneider*, 677 P.2d 446 (Colo.App.1984).

■ Here, the statutory language "no tract of land of 40 acres or more used primarily and zoned for agricultural uses" is clear and unambiguous. We have been presented with no authority indicating that mining or mineral uses should be included within the term "agricultural." Also, our reluctance to expand the term "agri-

cultural" in the way proposed finds support if we analyze the history and purpose of these provisions.

■ First, we note that Colo.Sess.Laws 1955, ch. 199 at 567, the predecessor to § 32–1–307 was repealed and reenacted in 1981. Prior to that time, exclusion was permitted for several classifications of real property use, including mining. In the 1981 re-enactment, all use classifications of real property interests justifying exclusion were deleted except agricultural ones.

When a statute is amended, an intent to change the law is generally presumed. *Colorado Division of Employment v. Parkview Episcopal Hospital*, 725 P.2d 787 (Colo.1986).

Second, when real property changes from agricultural to any other use, that property is no longer entitled to exclusion and becomes re-included real property within a district subject to district taxes and obligations. Section 32–1–307(2), C.R.S. (1989 Cum.Supp.); *Front Range Partners v. Hyland Hills Metropolitan Park & Recreation District*, 706 P.2d 1279 (Colo. 1985). Thus, if an exclusion is no longer available when the agricultural use is changed to non-agricultural, it is unreasonable to presume that the statute intended exclusion for anything other than agricultural use.

■ There is no evidence in the record to support a finding that exclusion is in the best public interest. Absent persuasive findings to support that conclusion, we are bound by the statutory construction discussed above.

Accordingly, the clear and unambiguous statutory language of § 32–1–307(1) applies, and, under that language, mineral interests are not to be excluded from this type of special district on the basis of their nature.

The order excluding Amoco's mineral interests from the taxable property of the district is reversed.

MARQUEZ, J., and HODGES, Justice,* concur.