PEZZELLO BROS. FRUIT AND PRO-
DUCE CO., INC., d.b.a Coastal
Fruit and Produce,

v.

James ARMENAKES et al.

No. 95–295–M.P.

Supreme Court of Rhode Island.

June 13, 1996.

Michael R. Hagopian, Cranston, for Plain-
tiff.

Edward Newman, Westerly, for Defen-
dant.

## OPINION

BOURCIER, Justice.

This case comes before us on a petition for
certiorari by James and George Armenakes.

On May 13, 1992, a Connecticut court judg-
ment was entered by default against James
Armenakes and George Armenakes (defen-
dants) for $3,872.42 for goods sold and deliv-
ered to them by the plaintiff, Pezzello Bros.
Fruit and Produce Co., Inc. d.b.a Coastal
Fruit and Produce (Coastal). On January
29, 1993, Coastal filed a civil action and com-
plaint in the Rhode Island Fourth Division
District Court, seeking to enforce the terms
and provisions of the Connecticut judgment
pursuant to the full faith and credit provision
of the United States Constitution, Article IV,
section 1. Coastal's complaint also included
a claim based directly upon the goods-sold-
and-delivered-contract debt. Once again, a
default judgment was entered against the
defendants in the Fourth Division District
Court action. The defendants then filed
their appeal to the Superior Court.

On May 12, 1994, Coastal filed a motion for summary judgment in the Superior Court appeal action. That motion, after due notice and hearing, was granted on May 20, 1994. Implied in that grant of summary judgment was the trial justice's rejection of the defendants' Connecticut court jurisdictional contention. *Shoor–Elias Glass Co. v. Raymond Construction,* 114 R.I. 714, 716, 339 A.2d 250, 252 (1975). Final judgment was later entered and remained unsatisfied. As a result, on November 16, 1994, a writ of execution was requested and issued. Some six months later, on May 8, 1995, while the execution was still outstanding, an automobile owned by the defendant George Armenakes was discovered by the constable and levied upon, pursuant to the writ of execution. Notice of an execution sale of the automobile was thereafter duly published in the Providence Journal on May 13, 1995, and May 25, 1995.

Prior to the scheduled sale of the automobile, the defendants filed a motion in the Superior Court to vacate the execution levy upon the automobile as well as a motion to stay the sale of the automobile. Both motions were heard and denied. From the orders entered denying their motions, the defendants filed their petition for writ of certiorari in this Supreme Court. They allege therein that the Connecticut court lacked personal jurisdiction over them when it entered the Connecticut default judgment. Accordingly they contend that the Connecticut judgment as well as the resulting levy and execution in this state following default judgment in the Fourth Division District Court were defective by reason of failing to provide them adequate due process. This Court pending hearing on the defendants' petition stayed the execution sale.

■ In regard to the defendants' first claim of error, we find that the Connecticut jurisdictional issue raised by them is not properly before this Court. The allegations in the defendants' affidavit filed in opposition to the plaintiffs' motion for summary judgment in the Superior Court included challenges by the defendants to the Connecticut court's personal jurisdiction over them. The defendants were given full opportunity in the Superior Court to contest and argue the Connecticut court's personal jurisdiction issue in the course of the Superior Court hearing on Coastal's summary judgment motion. The defendants' claim regarding the Connecticut court's personal jurisdiction was considered by the trial justice, who then granted summary judgment in favor of Coastal. Final judgment was entered on May 20, 1994, in accordance with that finding. That final summary judgment was left unappealed. Because the trial justice's ruling on the summary judgment motion was unappealed, it ripened into a final judgment from which the jurisdictional issue determined therein cannot now be raised again in this collateral proceeding. Accordingly, we decline to address the defendants' claims of error with respect to the Connecticut court's personal jurisdiction.

■ With regard to the defendants' second claim of error, we conclude that the procedures undertaken by Coastal in the Superior Court afforded them more than adequate due process. Memoranda were submitted by counsel to the trial justice, and a hearing was thereafter conducted on both the merits of the contract action and the enforceability of the Connecticut judgment. At the conclusion of the hearing, the plaintiffs and defendants were each afforded the opportunity to be heard, and thereafter the trial justice, after consideration of counsel's memoranda, evidence, and arguments, granted plaintiffs' motion for summary judgment. That judgment thereafter remained unappealed as well as unsatisfied, and a writ of execution thereon was properly issued. The writ resulted in defendant George Armenakes's automobile being levied upon. The sale of that automobile was thereafter duly advertised in the Providence Journal. Coastal asserts that a copy of that advertisement was also sent to the defendants' attorney, but the defendants allege that they did not receive the notice of the execution or proposed sale. Although the defendants claim that they had no notice of the proposed sale, defendants did, in fact, file Superior Court motions to vacate the automobile levy-attachment and to stay the sale thereof. The defendants, in addition, filed a memorandum in connection with those motions. The trial

justice after conducting a hearing on the defendants' motions denied same. An order reflecting the denial of those motions was entered by the trial justice on May 24, 1995. The above series of events complies fully with the mandates of G.L.1956 § 9–26–12 and chapter 25 of title 9, the statutes pertaining to writs of execution, as well as the due process requirements of both the Rhode Island and the United States Constitutions.

 The defendants in their petition before this Court have also asserted that they did not receive prior notice of the execution and levy upon the automobile in question. The plaintiffs and their constable were under no legal obligation to give such advance warning and notice. Coastal's procedure was pursuant to execution-levy (chapter 25 of title 9) and not by writ of attachment (G.L.1956 chapter 5 of title 10). Had they given advance warning and notice, the automobile would most probably have disappeared from the constable's view. *See, e.g., Endicott–Johnson Corp. v. Encyclopedia Press, Inc.,* 266 U.S. 285, 290, 45 S.Ct. 61, 63, 69 L.Ed. 288, 292 (1924), *cited with approval in Dionne v. Bouley,* 757 F.2d 1344 (1st Cir. 1985). What is important to note from the record before us is that the defendants did in fact, after the levy, receive timely notice of the levy and of the intended execution sale. The record discloses that the defendants, after receiving that notice, did in fact have ample time and opportunity to file motions to vacate the attachment and levy as well as to stay the advertised execution sale of the automobile. They did file such motions. They were afforded full hearing thereon and were permitted to present and argue their contentions and challenges.

On the basis of these facts and the record before us, we perceive that no other procedural safeguards were required to have been made available to the defendants in order to honor their due process constitutional rights. Accordingly we conclude that the defendants' due process rights were adequately protected and not violated by the levy and execution or by the scheduled sale of George Armenakes's automobile. The defendants' petition for certiorari is denied, the writ heretofore issued is quashed, and the stay of the execution sale of George Armenakes's automobile is vacated. The papers in this case are remanded to the Superior Court with our decision endorsed thereon.

FLANDERS, J., did not participate.