**George ORTIZ and Zola Bettcher,
Plaintiffs–Appellants,**

v.

**Rosalie VALDEZ, Rosalie Valdez d/b/a
Valley Credit Collections, Valley Credit Collections, Defendants–Appellees.**

No. 97CA0568.

Colorado Court of Appeals,
Div. I.

Dec. 24, 1998.

Robert W. Tisher, Colorado Rural Legal Services, Inc., La Junta, Colorado, for Plaintiffs–Appellants.

Hall & Evans, L.L.C., Edward H. Widmann, Andrew D. Ringel, Denver, Colorado, for Defendants–Appellees.

Opinion by JUDGE METZGER.

Plaintiffs, George Ortiz and Zola Bettcher, appeal the summary judgment entered in favor of defendants, Rosalie Valdez, individually and d/b/a Valley Credit & Collections, and Valley Credit & Collections, holding that the garnishment procedures of C.R.C.P. 103 and 403 are constitutional. We affirm.

After obtaining a default judgment against Zola Bettcher in the Otero County court and securing a writ of garnishment from the clerk of the court for $681.03, defendants served the writ on plaintiff Zola Bettcher and on the bank in which plaintiffs maintained a joint checking account.

Plaintiffs objected to the writ, alleging that the funds in the account were Social Security benefits belonging to plaintiff Ortiz and were, therefore, exempt from garnishment. After a hearing, the trial court reserved ruling and requested briefs from both parties. The parties briefed the issue during the next fifteen days, and the court held the following day that the funds were exempt and ordered them to be released. The funds were actually released by the bank three weeks later.

Plaintiffs then sued defendants in district court, challenging the propriety of the garnishment of the funds in the joint bank account. They alleged seven claims for relief, namely that (1) pursuant to 42 U.S.C. § 1983 (1994), the garnishment procedures in C.R.C.P. 103 and 403 violated the due process clause of the Fourteenth Amendment; (2) the garnishment was a willful and malicious abuse of process; (3) defendants had engaged in unfair and unconscionable collection practices in violation of the Colorado Fair Debt Collection Practices Act, § 12–14–108, et seq., C.R.S.1998; (4) defendants had used the garnishment procedures to harass and abuse plaintiffs in violation of § 12–14–106, C.R.S.1998; (5) defendants' actions were willful and malicious in violation of 42 U.S.C. § 407 (1994); (6) defendants' conduct was extreme and outrageous; and (7) defendants' conduct violated the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692(d) and 1692(f)(1994).

Thereafter, both sides moved for partial summary judgment concerning the issue of the constitutionality of C.R.C.P. 103 and 403. After considering the motions, responses, and briefs, the trial court granted defendants' motion, holding that the garnishment procedures set forth in those rules do not violate the constitutional requirements of due process. Accordingly, the parties stipulated to dismiss the remaining claims.

## I.

Plaintiffs first contend the trial court erred by ruling that the post-judgment garnishment procedures in C.R.C.P. 103 and 403 do not violate the United States and Colorado constitutional requirements of due process. Plaintiffs argue in particular that due process requires judgment creditors to demonstrate, before the issuance of a writ of garnishment, that the property to be garnished is likely

not exempt. To that end, plaintiffs suggest that judgment creditors be required to submit affidavits that the garnished property is not exempt; that a judge review the affidavits before issuing the writ of garnishment; that notice of the garnishment be given to the judgment debtor within 48 hours after issuance of the writ; and that a hearing be held within four days after the judgment debtor asserts that the garnished property is exempt. We disagree.

■ The United States and Colorado Constitutions require that a person must be afforded procedural due process, including both adequate notice and an opportunity to be heard, before he or she may be deprived of property. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Mountain States Telephone & Telegraph Co. v. Department of Labor & Employment*, 184 Colo. 334, 520 P.2d 586 (1974).

■ However, once judgment has been entered against a defendant, including a proper default judgment, no additional notice or hearing is constitutionally necessary to execute or levy upon, or garnish the judgment debtor's property. *Endicott–Johnson Corp. v. Encyclopedia Press, Inc.*, 266 U.S. 285, 45 S.Ct. 61, 69 L.Ed. 288 (1924) (*Endicott–Johnson*); *Gedeon v. Gedeon*, 630 P.2d 579 (Colo. 1981), *appeal dismissed*, 454 U.S. 1050, 102 S.Ct. 592, 70 L.Ed.2d 585 (1981) (citing *Endicott–Johnson* with approval); *Hexter v. Clifford*, 5 Colo. 168 (1879) (stating the same principle prior to *Endicott–Johnson*); *accord Collection Professionals, Inc. v. Logan*, 296 Ill.App.3d 959, 231 Ill.Dec. 225, 695 N.E.2d 1344 (1998) (citing *Endicott–Johnson* and related cases with approval); *Sivley v. Sivley*, 972 S.W.2d 850 (Tex.App.1998) (same); *Pezzello Bros. Fruit & Produce Co. v. Armenakes*, 677 A.2d 907 (R.I.1996) (same).

In *Endicott–Johnson, supra*, 266 U.S. at 289, 45 S.Ct. at 63, 69 L.Ed. at 292, the United States Supreme Court stated the principle in this way:

The established rules of our system of jurisprudence do not require that a defendant who has been granted an opportunity to be heard and has had his day in court, should, after a judgment has been rendered against him, have a further notice and hearing before supplemental proceedings are taken to reach his property in satisfaction of the judgment. Thus, in the absence of a statutory requirement, it is not essential that he be given notice before the issuance of an execution against his tangible property; after the rendition of judgment he must take notice of what will follow, no further notice being necessary to advance justice.

In *Gedeon v. Gedeon, supra*, 630 P.2d at 583, our supreme court stated the same principle in construing the Uniform Enforcement of Foreign Judgments Act:

[*Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) ] and its progeny [require] only that *pre-judgment* garnishment and attachment procedures comport with the strict requirements of due process notice and hearing. This action involves a post-judgment procedure. The basic requirements of notice and hearing have been met by the [other state's] court which rendered the original judgment. The [judgment creditor] seeks merely to enforce her judgment. . . .

It is not entirely clear what precisely due process requires by way of procedures for post-judgment filings such as this. However, when the creditor's interest in collecting a valid judgment is balanced against the debtor's interest in keeping his property, which has already been protected by prior notice and hearing, in our view, the due process requirements of the United States Constitution, amend. XIV, are satisfied by the procedures of the [Uniform Enforcement of Foreign Judgments Act].

(emphasis in original)

The Uniform Enforcement of Foreign Judgments Act requires only notice by mail and a ten-day stay of execution to give the judgment debtor an opportunity to object to the enforcement of a foreign judgment. Section 13–53–104, C.R.S.1998. In contrast, C.R.C.P. 103 and 403 (which are substantially identical) provide far greater protection to the judgment debtor by requiring: personal service pursuant to C.R.C.P. 4 and 304 on

the judgment debtor of the writ of garnishment, a notice of what property is exempt, and a form to use to object to the garnishment on the basis that the property is exempt. Then, if such objection is made, those rules mandate a hearing within ten days thereafter and a mandatory stay of execution until the court makes a final ruling on the objection.

We reject plaintiffs' assertion that the decision in *Endicott–Johnson, supra*, was effectively overruled by *Griffin v. Griffin*, 327 U.S. 220, 66 S.Ct. 556, 90 L.Ed. 635 (1946); *Hanner v. Demarcus*, 390 U.S. 736, 88 S.Ct. 1437, 20 L.Ed.2d 270 (1968), *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Mitchell v. W.T. Grant Co.*, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974); or by *North Georgia Finishing, Inc. v. Di–Chem, Inc.*, 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975). None of these cases explicitly overruled *Endicott–Johnson, supra*. More importantly, *Endicott–Johnson, supra*, is a post-judgment procedures case, while these other decisions all concerned pre-judgment procedures. Thus, because the factual differences between these two types of procedures are so significant, plaintiffs' reliance is misplaced.

We therefore conclude that C.R.C.P. 103 and 403 provide the judgment creditor with an efficient mechanism for garnishing property to satisfy a proper judgment, provide the judgment debtor with an expedited procedure to protect his or her exempt property, and afford the judgment debtor significantly more process than is required by the United States and Colorado Constitutions.

## II.

Plaintiffs next contend C.R.C.P. 103 and 403 violate the Supremacy Clause, U.S. Const. art. VI(2), because they permit a judgment creditor to seize, if only temporarily, Social Security benefits that are exempt from garnishment pursuant to 42 U.S.C. § 407. We do not agree.

First, we find no infirmity in the mechanism outlined in C.R.C.P. 103 and 403 that would violate the intent of Congress that Social Security funds be exempt. Those rules, as we have indicated previously, provide for an expedited and efficient mechanism for a judgment debtor to challenge post-judgment collection proceedings. The fact that, here, plaintiff Bettcher exercised her right to challenge the garnishment late in the time frame allotted under the rule does not detract from its efficacy.

Nor do the unusual circumstances of this case, *i.e.*, that the judgment had been entered only against plaintiff Bettcher personally, that the bank account was jointly held by her and plaintiff Ortiz, and that the funds in the account were actually his Social Security benefits, mandate a different result. This combination of circumstances, which caused a prudent trial judge to request briefing on the legal issues involved, is not indicative of any fatal flaw in the procedural mechanism itself.

Moreover, we reject plaintiffs' suggestion that judgment creditors should be required to provide affidavits indicating that the funds sought to be garnished are not exempt. We find no basis for such a requirement. Moreover, because the source of funds in any bank account is a private matter between the bank and the account holders, a requirement such as plaintiffs propose could not be met.

Therefore, we conclude that the intent of Congress, that Social Security benefits be exempt from seizure, is not undercut or in any way compromised by C.R.C.P. 103 or 403. Accordingly, the trial court was correct in rejecting plaintiffs' Supremacy Clause claim.

## III.

Finally, plaintiffs contend that C.R.C.P. 103 and 403 violate equal protection guarantees by their disparate treatment of social security recipients as opposed to that afforded wage earners. This argument was raised for the first time in plaintiffs' C.R.C.P. 60 motion to set aside the order. It was not addressed or made an issue at the hearing, and was not mentioned in the order denying plaintiffs' motion. Accordingly, we will not

consider it here. *See Dahl v. Young*, 862 P.2d 969 (Colo.App.1993).

The judgment is affirmed.

KAPELKE, J., and ERICKSON *, Justice, concur.