James E. FREEMYER, P.C., Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE of Colorado; Ronald Perez; Inlet Structures, Inc.; and RTW Colorado, Inc., Respondents.

No. 00CA0814.

Colorado Court of Appeals,
Div. III.

Dec. 7, 2000.

Rehearing Denied March 1, 2001.

Certiorari Denied Oct. 1, 2001.

James E. Freemyer, P.C., James E. Freemyer, Denver, CO, for Petitioner.

No Appearance for Respondents Industrial Claim Appeals Office, and Ronald Perez.

Nathan, Bremer, Dumm & Myers, P.C., Karen R. Wells, Denver, CO, for Respondents, Inlet Structures, Inc., and RTW Colorado, Inc.

Opinion by Judge DAILEY.

In this workers' compensation proceeding, James E. Freemyer, P.C., petitioner, a law firm, seeks review of a final order issued by the Industrial Claims Appeals Office determining that it is not entitled to an attorney fee lien against proceeds related to the settlement of a claim for compensation. We affirm.

On February 19, 1999, claimant, Ronald Perez, retained petitioner pursuant to a contingent fee agreement to represent him in regard to a claim for workers' compensation benefits. Subsequently, claimant discharged petitioner, and on August 5, 1999, petitioner filed a motion to withdraw as counsel. Petitioner simultaneously filed a motion for attorney fees, stating that it was owed $2839.50 in fees and $120.76 in costs for work on the claimant's workers' compensation case and claiming an attorney's lien for that amount against the proceeds of that case.

On August 31, 1999, claimant entered into a settlement of his claim in which, in return for a full release of his claims, claimant received payment of $5091.59.

On September 10, 1999, the Director of the Division of Workers' Compensation entered an order awarding petitioner the amount of its claim for fees and directing that the award be paid out of the proceeds received by claimant. Petitioner also applied for a hearing seeking to enforce the attorney fee lien against claimant, his employer, Inlet structures, and its insurer, RTW Colorado, Inc. Respondents moved to dismiss, contending that § 8–42–124(1), C.R.S.2000, prohibits the imposition of a lien for attorney fees and prevails over § 12–5–119, C.R.S.2000, the general attorney lien statute. The Administrative Law Judge (ALJ) agreed and, denying petitioner's application for hearing, dismissed the proceeding.

Petitioner sought review before the Panel, arguing that the ALJ misconstrued § 8–42–124(1) and erred in determining that an attorney lien properly perfected under § 12–5–119 could not be asserted against the award of compensation received by claimant under the settlement. Petitioner further asserted that the ALJ erred in determining that employer and its insurer did not continue to remain liable for the fees despite their disbursement of the settlement proceeds to claimant.

The Panel disagreed with petitioner's contentions and upheld the ALJ's dismissal.

Section 12–5–119 provides all attorneys with a lien on any money, property, chose in action, claim, or judgment they may have obtained or assisted in obtaining and on any and all claims and demands in suit for any fees or balance of fees due or to become due from any client. In contrast, § 8–42–124(1) mandates that:

> Except for amounts due under court-ordered support, claims for compensation or benefits due under articles 40 to 47 of this title shall not be assigned, released, or commuted except as provided in said articles and shall be exempt from all claims of creditors and from levy, execution, and attachment or other remedy or recovery or collection of a debt, which exemption may not be waived.

In determining the meaning of a statute, our primary goal is to ascertain and to give effect to the legislative intent by

construing the words of the statute according to their plain and ordinary meaning. *Hussion v. Industrial Claim Appeals Office,* 991 P.2d 346 (Colo.App.1999). If the statutory language is unambiguous, the court must presume the General Assembly meant what it clearly said. *Industrial Claim Appeals Office v. Orth,* 965 P.2d 1246 (Colo.1998).

■ Further, a special or specific statutory provision prevails over a general provision unless the general provision was enacted later and the General Assembly manifested a clear intent that the general provision should prevail. Section 2–4–205, C.R.S.2000; *Climax Molybdenum Co. v. Walter,* 812 P.2d 1168 (Colo.1991).

Petitioner argues that, because § 8–42–124(1) does not specifically mention attorney fees, the General Assembly did not intend to deny attorneys the ability to satisfy a perfected lien under § 12–5–119 and obtain just compensation for their efforts. Petitioner contends that the General Assembly had knowledge of the broad lien provided to attorneys under § 12–5–119 against any money or any judgment the attorney obtained or assisted in obtaining and that the omission of any reference to such lien in § 8–42–124(1) can only suggest that the General Assembly had no intent to override the effect of such a lien against a compensation award.

In fact, petitioner maintains that a contrary reading would effectively operate as a limited and implicit repeal of § 12–5–119 in violation of the presumption that a legislative body will not be deemed to have repealed a statute without a specific indication of that intent. In support of this latter argument, petitioner cites *Property Tax Administrator v. Production Geophysical Services, Inc.,* 860 P.2d 514 (Colo.1993), for the proposition that implicit repeals will not be found if there are reasonable grounds by which to uphold the validity of the pre-existing statute.

Petitioner also points to § 8–43–403, C.R.S.2000, which addresses fee agreements and provides a mechanism for the determination of what constitutes a reasonable fee to be recovered by the attorney. He argues that § 8–43–403 evinces the General Assembly's intent to ensure reasonable compensation to attorneys and undermines the interpretation of § 8–42–124(1) adopted by the Panel.

The arguments urged by petitioner do not convince us that the Panel erroneously interpreted § 8–42–124(1). Rather, we agree with the Panel that the language of that statutory provision unequivocally exempts workers' compensation benefits from any remedy ordinarily available to satisfy a debt.

As noted by the Panel, the only exception recognized in the statute is for court-ordered support claims. Prior to the enactment of that exception, the prohibition in § 8–42–124(1) extended to the collection of child support payments from workers' compensation benefits despite the existence of a general statutory provision authorizing writs of garnishment against "earnings" of a debtor. *In re Marriage of Snyder,* 739 P.2d 923 (Colo.App.1987).

The narrow exception for child support reveals that, in all other instances, the General Assembly desired to protect the compensation award of an injured worker from all creditors. As the Panel reasoned, if the General Assembly had intended to establish a statutory right to claim a lien for attorney fees in workers' compensation cases, it could have specifically provided for such an exception in § 8–42–124(1) as it did for child support. *See National Farmers Union Property & Casualty Co. v. Estate of Mosher,* 22 P.3d 531 (Colo.App.2000) (if the General Assembly intended the statute to achieve a certain result, it would have employed terminology clearly expressing that intent, as it has done in other circumstances).

■ Absent a clear expression of that intent, we, like the Panel, decline to read such an exception into § 8–42–124(1). Consequently, we further conclude that § 8–42–124(1), as the more specific provision, prevails over any general right petitioner may have under § 12–5–119 to proceed against the workers' compensation settlement received by claimant.

Because we have determined that petitioner does not have a enforceable lien for attor-

ney fees, no liability exists against employer or its insurer.

The Panel's order is affirmed.

NEY and KAPELKE, JJ., concur.