**Evelinn A. BORRAYO, Plaintiff–Appellee,**

v.

**James LEFEVER, Defendant–Appellant.**

**No. 05CA0160.**

Colorado Court of Appeals, Div. III.

June 29, 2006.

Rehearing Denied Sept. 7, 2006.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2005.

The R.S. Irving Law Firm, LLC, Robert S. Irving, Fort Collins, Colorado, for Plaintiff–Appellee.

Montgomery, Kolodny, Amatuzio & Dusbabek, L.L.P., Peter S. Dusbabek, Cara J. Stegemann, Fort Collins, Colorado, for Defendant–Appellant.

Opinion by Judge GRAHAM.

Defendant, James Lefever, appeals from the trial court's orders (1) denying his motion to set aside default judgment; (2) denying his claim of exemption; and (3) disbursing the garnished funds to plaintiff, Evelinn A. Borrayo. This appeal primarily concerns the trial court's refusal to set a hearing on and denial of defendant's claim of exemption based on his noncompliance with a previous court order. We affirm.

Following the termination of a nonmarital relationship, plaintiff sued defendant for money owed on a loan. Plaintiff's suit was consolidated with defendant's replevin action asserting ownership of a Labrador Retriever dog. The trial court set the consolidated actions for a bench trial on June 29, 2004. When defendant failed to appear for trial, the court entered default judgment in favor of plaintiff and against defendant in the amount of $18,400, plus costs and prejudgment interest. The court also awarded plaintiff sole possession and ownership of the dog and ordered defendant to return the dog to plaintiff.

Thereafter, plaintiff served a writ of garnishment with notice of exemption on defendant. On September 22, 2004, defendant filed a claim of exemption with the court and argued that the funds were exempt from garnishment because they consisted of proceeds he received from a workers' compensation settlement. The trial court refused to set a hearing on defendant's claim of exemption based on its finding that defendant was not in compliance with its order to return the dog to plaintiff. The court concluded:

It is inequitable ... and improper, for the Court to permit Defendant to come before the Court and seek relief, such as ruling on a claim of exemption, when Defendant is refusing to obey an order of the Court. Therefore the Court will not set a hearing on the exemption claim at this time, and the garnishment may proceed. If and when Defendant demonstrates that he is in compliance with the prior order the Court will set such hearing.

When defendant subsequently informed the court that he was in compliance with the court's order, the court set a hearing for October 26, 2004. During the hearing, the court learned that defendant still had not fully complied with its order awarding sole possession and ownership of the dog to plaintiff because he continued to dispute the dog's ownership through the Florida court system. Based on his continued noncompliance with its order, the court denied defendant's claim of exemption and ordered that the garnished funds be disbursed to plaintiff.

On December 7, 2004, defendant filed a motion to set aside the default judgment and claimed that he did not appear for the trial because he believed it was cancelled when he withdrew his replevin action. The court denied defendant's motion on December 9, 2004, and stated that it was unclear from defendant's motion whether he sought relief from the original judgment or from its order denying his claim of exemption. The court found that if defendant sought relief from the original judgment, his motion was denied because he did not show any ground for relief. The court further found that if defendant sought relief from its denial of his claim of exemption, his motion was denied because he continued to be in noncompliance with its order regarding possession and ownership of the dog. The court then concluded that the issue was moot because the funds had already been disbursed to plaintiff.

## I. Default Judgment

Neither party addressed the sufficiency of the default judgment, and so we decline to address that issue here.

## II. Hearing on Defendant's Claim of Exemption

Defendant first contends that the trial court erred when it refused to set a hearing on his claim of exemption to plaintiff's writ of garnishment. We agree, but conclude that the error was harmless.

A trial court is required, without exception, to set a hearing within ten days after the filing of a claim of exemption. *See* § 13–54.5–109(1)(a), C.R.S.2005; C.R.C.P. 103(6)(c)(1); *see also Ortiz v. Valdez*, 971 P.2d 1076 (Colo.App.1998). At the hearing, where all interested parties may testify, the court must determine the validity of the claim of exemption and must enter judgment in favor of the judgment debtor to the extent the claim of exemption is valid. *See* C.R.C.P. 103(6)(c)(4); *see also* § 13–54.5–109(2), C.R.S.2005 ("the court shall summarily try and determine ... whether the property held by the garnishee is exempt and shall enter an order or judgment setting forth the determination of the court").

Ordinarily, it is reversible error for the trial court to fail to hold a hearing pursuant to C.R.C.P. 103(6)(c)(1) and § 13–54.5–109(1)(a). *See Fed. Deposit Ins. Corp. v. Bowen*, 865 P.2d 868 (Colo.App.1993) (no reversible error where the trial court held a hearing at which the parties were permitted to present evidence); *Maddalone v. C.D.C., Inc.*, 765 P.2d 1047 (Colo.App.1988) (trial court reversibly erred when it failed to hold a hearing on the issue of the validity of the debt in a garnishment proceeding and garnishees were not given an opportunity to present evidence in support of their contention that the note was invalid).

Here, the trial court refused to set a hearing on defendant's claim of exemption until defendant complied with its order regarding the possession and ownership of the dog. Such refusal is in direct contravention of the requirement that the court set a hearing upon the filing of a claim of exemption. The setting of a hearing under C.R.C.P. 103(6)(c)(1) and § 13–54.5–109(1)(a) is not discretionary.

Although C.R.C.P. 107 authorizes a court to impose a fine or imprisonment against a

person who disobeys, resists, or interferes with a court order after the required contempt proceedings, it does not authorize a court to suspend a hearing required by statute until the person complies with a court order.

We conclude that the trial court erred when it sanctioned defendant for his failure to comply with a court order by refusing to set a hearing on his claim of exemption. However, as discussed in Section III below, the error was harmless because, even if the court had held a hearing, the outcome would have been the same. *See* C.R.C.P. 61; *Am. Nat'l Bank v. First Nat'l Bank*, 28 Colo.App. 486, 476 P.2d 304 (1970).

There are no material facts in dispute. Even if we were to assume that all the funds in defendant's account were proceeds of the workers' compensation settlement, the result would not change. Hence, reversing the order of the trial court would provide no practical relief and would not serve the interests of justice.

### III. Denial of Defendant's Claim of Exemption

■ Defendant next contends that the trial court erred when it denied his claim of exemption based upon his failure to comply with the court's order regarding possession and ownership of the dog. We uphold the ruling of the trial court but on grounds different from those relied upon by the trial court.

The trial court is required to stay garnishment proceedings upon the filing of a claim of exemption until such claim has been determined by the court. *See* § 13–54.5–108(2), C.R.S.2005; C.R.C.P. 103(6)(b)(4). Then, after holding the requisite hearing, the court must determine the validity of the claim of exemption and enter judgment in favor of the judgment debtor to the extent such claim is valid. *See* § 13–54.5–109(2); C.R.C.P. 103(6)(c)(4); *see also Nolan v. Dist. Court*, 195 Colo. 6, 9, 575 P.2d 9, 11 (1978) ("[T]he exemption procedure is, by statutory command, an integral part of any garnishment proceeding. A garnishment proceeding may not be considered 'determined' until decisions regarding the rights of parties to the action

can be made, and nothing but ministerial functions remain to be done.").

Here, there is nothing in the record to suggest that the court held a hearing at which the parties were allowed to present evidence or that the court made any findings or determination regarding the validity of defendant's claim of exemption. Rather, the record suggests that the court summarily denied defendant's claim of exemption based on its finding that defendant failed to comply with its order regarding possession and ownership of the dog.

Although the court erred when it failed to determine the validity of defendant's claim of exemption and allowed the garnishment to proceed, such error was harmless, because the proceeds from a workers' compensation settlement are no longer exempt from garnishment once they are deposited into the judgment debtor's bank account. *See* C.R.C.P. 61 (error is harmless when it does not affect the substantial rights of the parties); *Am. Nat'l Bank v. First Nat'l Bank, supra* (court's application of the wrong test was harmless because application of the correct rule would have achieved the same result).

Colorado's workers' compensation exemption statute provides:

> Except for amounts due under court-ordered support, *claims for compensation or benefits due* under articles 40 to 47 of this title shall not be assigned, released, or commuted except as provided in said articles and *shall be exempt* from all claims of creditors and from levy, execution, and attachment or other remedy or recovery or collection of a debt, which exemption may not be waived.

Section 8–42–124(1), C.R.S.2005 (emphasis added).

In interpreting a statute, our primary goal is to ascertain and give effect to the legislature's intent by construing the words of the statute according to their plain and ordinary meaning. *See Freemyer v. Indus. Claim Appeals Office*, 32 P.3d 564 (Colo.App.2000); *In re Marriage of Gedgaudas*, 978 P.2d 677 (Colo.App.1999). When the statutory language is unambiguous, we presume the Gen-

eral Assembly meant what it clearly said. *See Freemyer v. Indus. Claim Appeals Office, supra.*

Exemption statutes are generally afforded a liberal construction so as to achieve their purposes. *In re Marriage of Gedgaudas, supra.*

Our interpretation of § 8–42–124(1) rests on the plain and ordinary meaning of the words "claims for compensation or benefits due." Both "claims for compensation" and "benefits" precede the adjective "due," referring to monies that have not yet been paid to a claimant. The statute does not refer to compensation or benefits that have been paid to or received by a claimant.

We conclude that the statute is clear and unambiguous. By its terms, the statute does not apply to proceeds that have been received by a claimant and then subsequently deposited into his bank account. Such sums are no longer due once they have been paid and deposited.

If the General Assembly had intended to create an exemption for workers' compensation benefits that have already been paid to a claimant, it could have done so. For example, the legislature has provided an exemption from garnishment for benefits received by an individual pursuant to the Colorado Employment Security Act, § 8–70–101, et seq., C.R.S.2005. *See* § 8–80–103, C.R.S. 2005 ("[b]enefits received by any individual, so long as they are not mingled with other funds of the recipient, shall be exempt from any remedy for the collection of all debts except debts incurred for necessaries furnished to such individual, his spouse, or dependents during the time when such individual was unemployed or child support debt or arrearages").

Here, defendant received a full and final settlement of his workers' compensation claim and deposited the proceeds therefrom into his bank account. Such workers' compensation benefits were no longer exempt from garnishment when plaintiff served the writ of garnishment on defendant's bank. Even if the trial court had held a hearing and made a determination, it would have had to deny defendant's claim of exemption.

Therefore, the trial court's error in denying defendant's claim of exemption based on his noncompliance with a court order was harmless. *See Am. Nat'l Bank v. First Nat'l Bank, supra.*

Defendant's argument that *Freemyer* mandates that workers' compensation benefits are exempt from garnishment even after they are paid is misdirected. In *Freemyer,* the former attorney of a workers' compensation claimant attempted to enforce his lien for attorney fees as to the workers' compensation benefits yet to be paid. *See Freemyer v. Indus. Claim Appeals Office, supra* (attorney's lien filed before claimant received benefits). *Freemyer* is consistent with our analysis here.

Defendant also relies upon *In re Kobernusz,* 160 B.R. 844 (D.Colo.1993), which interpreted an 1891 Colorado decision, *Rutter v. Shumway,* 16 Colo. 95, 26 P. 321 (1891). However, we are not bound by a federal case interpreting state law. *N. Colo. Med. Ctr., Inc. v. Comm. on Anticompetitive Conduct,* 914 P.2d 902 (Colo.1996). Further, neither case involved the statute at issue here, and *Rutter* involved a claim by a debtor that his wages were exempt because of a particular debtor's statute. The court in *Rutter* reasoned that the wages were earnings before and after their payment. Here, in contrast, the settlement did not consist of earnings, and its nature changed once the claim was paid.

Accordingly, the statute would have barred the exemption sought by defendant, and, while we do not approve of the trial court's denial of a hearing, we conclude that the error did not harm or prejudice defendant.

The orders are affirmed.

Judge TAUBMAN and Judge FURMAN concur.